CORA R. CULLEN, Administratrix, etc., of JAMES CULLEN, Deceased, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant, and THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Defendant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

WILLIAM H. DECKER, Appellant, v. CHARLES A. LYMAN, Respondent.— Order setting aside verdict and granting a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ.

DONALD J. HARDENBROOK, Appellant, v. GEORGE B. CASE and WILLETT C. EVANS, Respondents.— Judgment, in so far as appealed from, and order unanimously affirmed, with costs. No opinion. Lazansky, P. J., Kapper, Carswell and Tompkins, JJ., concur; Hagarty, J., not voting.

IRVING S. HOUGHTON, Respondent, v. CLYDE H. BAILEY, Appellant.— Order of the County Court of Suffolk county denying motion to set aside verdict and grant a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

In the Matter of the Application of FALEK CONSTRUCTION CORPORATION, Respondent, for an Order Directing BENJAMIN FINKEL, an Attorney and Counselor at Law, to Record in the Office of the Register of the County of Kings a Mortgage, etc., and to Deliver Certain Documents to HYMAN GRILL, Esq. BENJAMIN FINKEL and SHEP REALTY CORPORATION, Appellants.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In our opinion, Mr. Finkel was not acting as an attorney in the matter referred to. Even if he be so regarded we think the Special Term improperly exercised its discretion in granting this application. There is considerable doubt whether or not the parties intended that the documents in question should be delivered solely upon the production of a certificate of occupancy, irrespective of the performance by the respondent of its contract. Non-performance by it is alleged by the appellants and not denied by the respondent, the latter standing solely upon the language of the so-called escrow agreement. Under the circumstances, therefore, the questions presented here should not be determined upon a summary application of this character, but in an action between the parties where the truth can be ascertained from the evidence. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

In the Matter of the Application of JAMES C. WALDRON, Respondent, for a Mandamus Order against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— Peremptory mandamus order unanimously affirmed, with costs, as a matter of law and in the exercise of discretion. The board of education resolution of March 11, 1932, in so far as it affects the relator, is in violation of section 31 of the Civil Service Law* and beyond the board's power to adopt. If the situation requires action of the character indicated in the resolution, legislative authority is needful to give validity to such action. Present — Young, Hagarty, Carswell, Scudder and Davis, JJ. [See *post*, p 815.]

---

* Added by Laws of 1919, chap. 251, as amd. by Laws of 1929, chap. 512.— [REP.