George A. Arkwright, J.
This is a proceeding brought pursuant to article 78 of the Civil Practice Act for an order staying the New York City Transit Authority “ from executing a document incorporating the agreement of July 14,1955 and/or cease and desist from giving force and effect to those provisions of any such executed agreement which limits Petitioners’ rights in anywise to petition for redress of grievances, organize or select representatives of their own choosing.” Petitioners also ask that the court order an election among the employees of the Authority to determine which union or unions, if any, have a majority status and to order the Authority to bargain collectively with such union or unions as are designated by a majority of the employees in the appropriate units of the Authority as the collective bargaining representative. Petitioners also ask for an order directing the Authority not to interfere with its employees’ choice of representatives for the purpose of collective bargaining and from discriminating against petitioner *82 American Transport Union. Respondents, New York City-Transit Authority and the Transport Workers Union of America, CIO, both move to dismiss the petition pursuant to section 1293 of the Civil Practice Act upon the ground that the petition is legally insufficient.
The relief sought herein indicates that the petitioners are actually seeking injunctive relief, partly prohibitory and partly mandatory. It would appear therefore that petitioners’ proceeding is defective in form, seeking, as it does, relief which may only be secured in an action wherein injunctive relief may be granted.
An article 78 proceeding is a means of securing the relief which was formerly obtained by writs and orders of certiorari, mandamus and prohibition (Civ. Prac. Act, § 1283). This proceeding cannot be said to be in the nature of mandamus since it does not seek to compel the respondents to perform a “ duty specifically enjoined by law ”. (Civ. Prac. Act, § 1284, subd. 3.) Nor can it be considered in the nature of certiorari since the petition does not ask for the review of any determination of a quasi judicial character (Matter of Amalgamated Assn. of St. Elec. Ry. & Motor Coach Employees of America v. Casey, 134 N. Y. S. 2d 343; Matter of Bonacker v. Chuckrow, 166 Misc. 171, 173; Matter of Baldwin v. Casey, 133 N. Y. S. 2d 867) and injunctive relief is not within the scope of an article 78 proceeding (Matter of Pagano Realty Corp. v. O’Dwyer, 195 Misc. 157). In the latter case, the court said (p. 158): “ While the provisions of article 78 afford a simpler procedure for what was formerly a remedy pursued by mandamus, prohibition or certiorari, they do not enlarge upon the scope of relief obtainable, and are not appropriate to relief in the nature of a permanent injunction (Matter of J. D. L. Corp. v. Bruckman, 171 Misc. 3, 5; Matter of Rivkin v. Garbros, Inc., 183 Misc. 389, 391). ”
In the circumstances, petitioners have not established any right to the relief sought herein by way of an article 78 proceeding. The petition is dismissed.
Submit orders.