Frank A. Gulotta, J.
This is an article 78 proceeding which seeks an order directing respondents, constituting the Board of Education, to discharge a certain notice of designation and notice of pendency of proceeding filed by said respondents in connection with a contemplated condemnation of 52.8 acres of land owned by petitioners. It also asks that respondents be enjoined from filing any further designations in the future affecting said property. A third request that respondents be enjoined from holding a district meeting of the voters to authorize and approve the acquisition of petitioners’ property, scheduled to be held on April 11, 1961, was withdrawn when it appeared that the matter would not be ready for submission to the court in time for a determination on this issue.
Respondents cross-move to dismiss the petition as legally insufficient, and alternatively for other relief.
It appears that a notice and designation was first filed by respondents on October 13, 1960. This effectively prevented petitioners from proceeding with a sale of the property for which they had already contracted and they then agreed to sell the property for less money to the school district provided title closed by February 15, 1961.
However, the referendum required by law was not held until February 28, 1961, at which time the proposition was defeated, falling short by six votes of a two-thirds majority, which majority is required because the indebtedness of the district would exceed 10% of the full value of its property, if the proposition were to pass. Because of the closeness of the vote, respondents, feeling it would pass on a resubmission, decided to resubmit the *531 same proposition to the voters, at a meeting to be held on April 11,1961, and on March 8,1961 cancelled the old designation and filed a new one. It is this notice and designation about which petitioners complained at the time this proceeding was instituted. Since then, however, balloting has taken place and the proposition was again defeated, this time by 117 votes.
This would seem to render the whole controversy academic, but the court has been advised by respondents that while the school district has cancelled the March 8 designation, it intends to file a new one and put the same proposition up for a vote for the third time, thus bringing into play the further relief requested by petitioners originally.
Respondents rather naively suggest that petitioners have no cause for complaint, because the effect of the designation is merely to give constructive notice to all the world of the school district’s intentions to acquire the property and to bind any purchasers by a subsequent condemnation, hut that petitioners are free in the meantime to deal with their property as they wish. The answer to that of course is, that that is all any lis pendens does, hut nevertheless the law does not countenance its use to tie up someone’s property without compensation, on the theory that some day you may decide to take it. Furthermore, if respondents’ action does not have the effect of sterilizing the property so as to prevent its use or sale while the notice is in effect, why does respondent file a notice at all?
It is true that this case is to be distinguished from Matter of Flinn (154 N. Y. S. 2d 124), in that there the court was concerned with whether forcing an inhabitant of a district, who had once voted on a proposition, to trudge back to the polling place to vote again on the same proposition, because the school board was dissatisfied with the voting results, was an infringement on his voting rights, in violation of section 1 of article I of the New York State Constitution, whereas here the inquiry involves the taking of property without compensation, in violation of section 7 of article I but the principle is the same and both rights are entitled to the protection of the court.
However, the court does not believe the petitioners can test the constitutionality of paragraph (h) of subdivision 2 of section 520.4 of the Nassau County Civil Divisions Act (L. 1951, ch. 767) in the present application, which is in the nature of a mandamus proceeding. Mandamus has not lost its historical function by being taken into article 78 of the Civil Practice Act. It may not be used as a substitute for an injunction in a plenary suit to prevent violation of a law, as was pointed out in Matter of Donegan v. Patterson (4 Misc 2d 81). Neither may it be used *532 to direct nonenforcement of a law said to be unconstitutional; Essentially petitioners’ position is that said section, in providing for the liening of property without compensation (and this is true whether the proposition is eventually adopted or not) is constitutionally unsustainable. They say it was bad the first time and, a fortiori, is even more objectionable when repeated by consecutive filings. That this is indeed an effective method for tying up property, may be gleaned from the fact that after the first filing, although petitioners had a contract for a sale at $446,350, they agreed to sell to respondent for $31,350 less.
But it cannot be said that petitioners seek to compel respondents to perform a “ duty enjoined by law ” which is the function of a mandamus proceeding; quite to the contrary, they insist that respondents may not proceed in accordance with the law, because the law itself is invalid.
Nor does this case qualify for the limited constitutional test permitted in an article 78 proceeding by the decision in Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (1 N Y 2d 508), which drew a distinction between an attack on an ordinance and an attack on a decision made under a valid ordinance. This is not so much a decision by the school board which is questioned, as a method of procedure by it; and it is attacked, not because it is not in conformity with a statute, but rather because it is in conformity therewith.
Constitutionality has been raised in a mandamus proceeding, as it was for example in Matter of Wuttke v. O’Connor (N. Y. L. J., May 2, 1952, p. 1775, col. 1, affd. 281 App. Div. 686, affd. 306 N. Y. 677), which held a residential zoning in the heart of an industrial area confiscatory, and mandamused the manager of the Town Building Department to issue a building permit. It will be noted, however, that the accent there was not on restraining the enforcement of a law, but to compel compliance with another law, after having declared the first law unconstitutional.
Therefore the application is denied, and the cross motion granted, but without prejudice to the institution of such plenary suit as petitioners may be advised.