In the Matter of ANGELO GILIFORTE, Appellant, v CITY OF BUFFALO et al., Respondents.

Fourth Department, November 5, 1976

*Frank L. LoTempio, Jr.,* for appellant.

*Leslie G. Foschio, Corporation Counsel (Harvey Mandelkern* of counsel), for respondents.

MOULE, J. The question presented on this appeal is whether the Commissioner of the Department of Inspections and Licenses acted arbitrarily and capriciously by laying off petitioner without first removing from employment certain employees in petitioner's division who were allegedly nonresidents of the City of Buffalo.

Petitioner was a duly appointed plumbing inspector in the City of Buffalo since April of 1970. On July 1, 1974 his employment was terminated because of an over-all reduction in the city's work force. This article 78 proceeding was then brought by petitioner seeking reinstatement as a plumbing inspector and recovery of lost earnings.

Petitioner maintained that at the time his job was terminated and he was subsequently laid off, there were at least two employees in the Division of Plumbing Inspection who were nonresidents of the City of Buffalo and who were not affected by the layoffs that took place in July, 1974. He asserted that section 4 of chapter I of the Ordinances of the City of Buffalo which required all employees of the city to maintain their residence within the corporate limits and which further provided that "[f]ailure to comply with the provisions of this section shall constitute misconduct and shall be cause for removal in the manner provided by law" mandated removal of the nonresident employees in the first instance. He further asserted that a proposal adopted by the Buffalo Common Council on June 18, 1974 recognized the applicability of this ordinance and "insist[ed] that each Department Head comply with the [ordinance] and that all employees who are now residing illegally outside of the corporate limits of the City of Buffalo be laid off first" (Resolution

215, Proceedings of the Council, City of Buffalo, 1974, Part I, p 1333).

Petitioner contended that respondent's decision to terminate his position without first taking the appropriate and mandatory action of terminating the nonresidents' positions, constituted an improper exercise and abuse of respondent's authority which resulted in petitioner losing his job. Petitioner's motion under article 78 for reinstatement was denied, however, and it is from that determination that petitioner brings this appeal.

It is well settled that a court may not substitute its judgment for that of the board or body whose determination it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion *(Matter of Diocese of Rochester v Planning Bd. of Town of Brighton,* 1 NY2d 508, 520; see, also, *Matter of Board of Educ. v Allen,* 6 NY2d 127, 136).

In support of the contention that respondent acted arbitrarily and capriciously petitioner relies upon the afore-mentioned Buffalo city ordinance which states that nonresidency while maintaining a city job shall constitute misconduct and shall be cause for removal in the "manner provided by law". It is petitioner's contention that the city ordinance mandates automatic removal of a city employee upon a finding of nonresidency. Such a reading, however, constitutes an invalid interpretation of the ordinance in that it directly conflicts with the Civil Service Law which is by definition a general law (see, generally, NY Const, art IX, § 3, subd [d], par [1]; *Matter of Sigety v Hynes,* 38 NY2d 260; *People ex rel. McClelland v Roberts,* 148 NY 360).

While local municipalities have been accorded wide power in running local affairs and enacting local laws (see NY Const, art IX), this power is not without limitation. Thus any law which such municipalities adopt or amend must not be inconsistent with the provisions of the Constitution or any general law enacted by the State (NY Const, art IX, § 2, subd [c], par [ii]; *People v Cook,* 34 NY2d 100; *Wholesale Laundry Bd. of Trade v City of New York,* 17 AD2d 327, affd 12 NY2d 998; *Matter of Waldron v Board of Educ.,* 236 App Div 808).

Section 75 of the Civil Service Law sets forth the lawful procedure which must be adhered to when charges of incompetence or misconduct are raised concerning an individual employee. In addition, the statute lists those sanctions which

may be taken against an employee who is found guilty of such misconduct. These sanctions include suspension, fine, reprimand, demotion in grade and title or dismissal from service (Civil Service Law, § 75, subd 3). If as petitioner contends the city ordinance mandates automatic removal upon a finding of nonresidency, the city ordinance not only conflicts with these provisions of section 75 but also usurps the power of the hearing officer to make a determination as to what penalty is appropriate in a particular case. This interpretation, however, goes far beyond the actual language of the ordinance.

Since the ordinance states that nonresidency shall be cause for removal "in the manner provided by law," it is clear that the only valid interpretation intended to be drawn from the ordinance is that nonresidency, absent more, *may* be grounds for removal. If the hearing officer determines that another sanction is appropriate in a particular case he may, according to section 75 of the Civil Service Law, assess that other penalty. Although the ordinance validly categorizes nonresidency as one form of misconduct for which removal would be an appropriate penalty, it does not mandate removal as the automatic sanction in every case.

Petitioner also relies upon the Common Council resolution which required that department heads lay off nonresident employees first. This resolution, however, also conflicts with the provisions of the Civil Service Law and to the extent that it does conflict, is not binding upon respondent.

Subdivision 1 of section 80 of the New York Civil Service Law provides the procedure that must be followed when a layoff or abolition of a job occurs stating that "[w]here, because of economy, consolidation or abolition of functions * * * positions in the competitive class are abolished or reduced in rank or salary grade, suspension or demotion, as the case may be, among incumbents holding the same or similar positions shall be made in the inverse order of original appointment on a permanent basis".

The Common Council resolution, by directing department heads to circumvent the seniority system and lay off nonresident employees first, improperly attempted to supersede the procedure mandated in such situations. Thus, respondent was not bound to follow the dictate of the Common Council resolution and correctly adhered to the seniority system for layoffs as set forth in section 80 of the Civil Service Law.

Since respondent's actions were well within his authority as

established by sections 75 and 80 of the Civil Service Law and petitioner has failed to show that respondent acted arbitrarily, capriciously or in violation of lawful procedure in carrying out his duties, the judgment denying petitioner's motion for reinstatement and lost earnings should be affirmed.

MARSH, P. J., SIMONS, GOLDMAN and WITMER, JJ., concur.

Judgment unanimously affirmed, without costs.