OPINION OF THE COURT
Joseph S. Mattina, J.
An article 78 proceeding is brought before this court enjoining the respondents, City of Buffalo, Leslie G. Foschio, Corporation Counsel of the City of Buffalo, the Common Council of the City of Buffalo, Stanley M. Makowski, Mayor of the City of Buffalo, from enforcing section 4 of chapter 1 of the ordinances of the City of Buffalo, on the grounds that said ordinance is invalid and unconstitutional.
Basically the relevant facts indicate that this action is brought by Harvey Mandelkern and James S. Quinlivan, members of the Corporation Counsel’s office of the City of Buffalo, in the Department of Law. Petitioner Mandelkern has been so employed since 1974. Petitioner Quinlivan has been so employed since 1969. Petitioners recently requested that they be granted waivers or suspension from the provisions of the residency ordinance. Their requests were denied, pursuant to section 4 of chapter 1 of the city ordinance which requires their permanent residence within the City of Buffalo, during their period of employment.
The issues which will be dealt with by this court respectively are: (1) the relief requested by the petitioners is technically not a proper subject for an article 78 proceeding; (2) *427 whether petitioners have legal capacity to sue; (3) constitutionality of section 1 of chapter 1 of the Buffalo city ordinances in light of subdivision 3 of section 75 of the Civil Service Law.
The court addressing itself to the first issue recognizes that although there is some authority for the proposition that mandamus will lie to direct the nonenforcement of a law if found to be unconstitutional, it is the opinion of this court that the better mechanism to bring this matter before a tribunal is by way of a preliminary injunction in an action for declaratory judgment.
Article 78 proceedings are available to determine the validity of administrative acts, under a valid statute, by means of mandamus to enforce a clear legal right in a situation where a public official has failed to perform or refused to perform a duty mandated by law. Declaratory judgments are available against a legislative body to determine the validity of its acts. Essentially the distinction between a declaratory judgment and an article 78 proceeding is that in a declaratory judgment you test the basic scope and validity of a statute pursuant to which officials are acting whereas in an article 78 proceeding you deal with actions brought to have officials take legally mandated administrative action.
Consistent with this approach, the court in Matter of Levin v Haber (28 Misc 2d 529, 531-532) denied relief in the nature of mandamus where it attacked the constitutionality of a statute, stating: "Mandamus has not lost its historical function by being taken into article 78 of the Civil Practice Act. It may not be used as a substitute for an injunction in a plenary suit to prevent violation of a law, as was pointed out in Matter of Donegan v. Patterson (4 Misc 2d 81). Neither may it be used to direct nonenforcement of a law said to be unconstitutional.”
The Court of Appeals very clearly reviewed the entire issue in Matter of Kovarsky v Housing & Dev. Admin, of City of N. Y. (31 NY2d 184, 191), when Judge Jasen, speaking for a unanimous court stated: "While an article 78 proceeding is generally the proper vehicle to determine whether a statute, ordinance, or regulation has been applied in an unconstitutional manner (Matter of Overhill Bldg. Co. v. Delany, 28 N Y 2d 449, 458), the rule is different when the issue is the constitutionality of legislative action. We have consistently held that a proceeding under article 78 is not the proper vehicle to test the constitutionality of legislative enactments”. *428 (Emphasis added.) The court went on to say (p 192): "This does not mean, however, that the issue is not cognizable in the instant proceeding. Rather, since it is not questioned that all necessary parties are before the court, Special Term, pursuant to CPLR 103 (subd [c]) should have treated the instant proceeding as an action for declaratory judgment seeking to test the constitutionality of the afore-mentioned section of RSL, and proceeded accordingly.” (Emphasis added.)
The instant situation is analogous to the Kovarsky case in that the court has obtained jurisdiction over the parties, that it is a civil judicial proceeding and shall not be dismissed solely because it is not brought in the proper form. Exercising the afore-mentioned authority granted to this court under CPLR 103 (subd [c]), the article 78 proceeding is converted into an action for declaratory judgment to determine the constitutionality of section 4 of chapter 1 of the Buffalo city ordinances.
There was no request for a preliminary injunction.
Insofar as the second issue is concerned the gist of the question of, standing, which was not raised by counsel, is whether the plaintiff has, "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions”. (Baker v Carr, 369 US 186, 204.)
This court finds in the exercise of its discretion the petitioners’ applications and denial of permission to move outside the city, give rise to such a controversy.
As to the final issue this court is aware that the validity of the residency requirements has been upheld throughout this country. It is also cognizant that section 3 of article 2 of the Public Officers Law has already diluted the effect of the Buffalo residency requirement by exempting police, fire and sanitation departments and teachers, among others from the local charter provisions. Nevertheless, this court must consider the constitutionality of the Buffalo residency law from the standpoint of the language of subdivision 3 of section 75 of the Civil Service Law which is by definition a general law of the State of New York. Article IX (§ 2, subd [c], par [ii]) of the New York State Constitution provides that: "every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law”.
*429 The residency law in Buffalo, on the books from 1939 to 1976 provided in pertinent part that: "failure to comply with the provisions of this section shall constitute misconduct and shall be cause for removal in the manner provided by law.”
The dictum of the Appellate Division, Fourth Department, interpreting this language in Matter of Gilforte v City of Buffalo (54 AD2d 170, 173) stated: "If as petitioner contends the city ordinance mandates automatic removal upon a finding of nonresidency, the city ordinance not only conflicts with these provisions of section 75 but also usurps the power of the hearing officer to make a determination as to what penalty is appropriate in a particular case. " (Emphasis added.)
The court went on to say that (p 173): "Since the ordinance states that nonresidency shall be cause for removal 'in the manner provided by law,’ it is clear that the only valid interpretation intended to be drawn from the ordinance is that nonresidency, absent more, may be grounds for removal. If the hearing officer determines that another sanction is appropriate in a particular case he may, according to section 75 of the Civil Service Law, assess that other penalty. Although the ordinance validly categorizes nonresidency as one form of misconduct for which removal would be an appropriate penalty, it does not mandate removal as the automatic sanction in every case." (Emphasis added.)
A reading of section 4 of chapter 1 of the Buffalo city ordinance prior to 1976 in accordance with the dictum in Gilforte indicates that it does not operate to place the ordinance outside the influence of subdivision 3 of section 75 of the Civil Service Law.
However, in 1976 section 4 of chapter 1 was amended, removing the provision, "Failure to comply with the provisions of this section shall constitute misconduct and shall be cause for removal in the manner provided by Law”, and substituted this language in its place: "An employee who fails to comply with the provisions of this section, which failure shall be established at a hearing upon stated charges, shall forfeit his employment and shall be removed therefrom. The Municipal Civil Service Commission shall have concurrent jurisdiction with the appropriate appointing authority for the enforcement of this provision.”
The latter part of this provision dealing with the Civil Service Commission, this court assumes, was included as not to be at loggerheads with subdivision 4-a of section 23 of the *430 Civil Service Law which sets forth residency requirements for candidates for appointment to civil service positions.
This court is not concerned with that question, but rather the question as to the possible conflict between section 75 of the Civil Service Law and that portion of the "residency” ordinance as amended which asserts that a violator "shall forfeit his employment and shall be removed therefrom.”
On this point the respondents argue on the one hand that section 4 of chapter 1 of the Buffalo ordinance does not come within the scope of subdivision 3 of section 75 of the Civil Service Law since it is limited to removal for misconduct and incompetence. On the other hand, further on in the brief they argue that, "the latter amendment of Chapter 1 Sec. 4 * ‘ *
did not operate to place the ordinance outside the influence of Sec. 75 of the Civil Service Law. Rather, it confirmed that the enforcement of this section against alleged violators would have to be conducted in accordance with Section 75.” This court cannot accept respondents’ arguments, which depending on their interpretation may or may not be inconsistent.
It is obvious to this court that the amendment of section 4 of chapter 1 was an attempt to circumvent the clear language of subdivision 3 of section 75 of the Civil Service Law. The language is capable of only one interpretation, namely automatic removal for violation thereof. The only penalty provided is forfeiture of one’s job. An automatic forfeiture is completely contrary to the five penalties set forth in section 75 which may be assessed in the discretion of the hearing officer. As such this provision of the city ordinance violates subdivision 3 of section 75 of the Civil Service Law; which is a general law of the State of New York, thereby invalidating Buffalo’s residency law.
Permanent injunction is granted restraining and enjoining respondents from enforcing section 4 of chapter 1 of the city ordinances of Buffalo, which is herewith declared unconstitutional.