HARVEY MANDELKERN et al., Respondents, v CITY OF BUFFALO et al., Appellants.

Fourth Department, November 3, 1978

## APPEARANCES OF COUNSEL

*Joseph P. McNamara, Corporation Counsel (James P. Caher* of counsel), for appellants.

*Rachlin & Rachlin (Michael B. Berger* and *William H. Berger* of counsel), for respondents.

## OPINION OF THE COURT

SIMONS, J.

Plaintiffs are attorneys employed in the office of the defendant Corporation Counsel. They presently reside in the City of Buffalo but wish to live elsewhere. The city maintains that they may not do so and keep their jobs because section 4 of chapter 1 of the Ordinances of the City of Buffalo provides that an employee who fails to reside in the city shall forfeit his employment. Special Term held that the ordinance conflicts with the provisions of section 75 of the Civil Service Law and inasmuch as that statute is a general law of the State (see NY Const, art IX, § 3; *Matter of Giliforte v City of Buffalo,* 54 AD2d 170), the ordinance is unenforceable (see *Mandelkern v City of Buffalo,* 92 Misc 2d 425). Section 75 provides that no person holding a permanent appointment in the competitive class of the classified civil service, as do these plaintiffs, may be removed or otherwise subjected to any disciplinary penalty except for misconduct or incompetence shown after a hearing on specified charges. The narrow issue before us is whether the ordinance specifies a lawful qualification for employment which local governments may regulate (see NY Const, art IX, § 2, subd [c], par [1]; Municipal Home Rule Law, § 10, subd 1, par [ii], cl a, subcl [1]), or whether it is local legislation which is inconsistent with the provisions of the Constitution or any general law enacted by the State and therefore invalid (NY Const, art IX, § 2, subd [c]).

Preliminarily, it should be observed that local governments may lawfully require as a condition of employment that employees reside within their territorial limits (see *McCarthy v Philadelphia Civ. Serv. Comm.,* 424 US 645; *Detroit Police Officers Assn. v City of Detroit,* 385 Mich 519, app dsmd 405 US 950; *Wardwell v Board of Educ.,* 529 F2d 625, 628-629; and

see *Mazzo v County of Monroe,* 58 AD2d 1017; *Nigro v Board of Trustees,* 57 AD2d 695; *Matter of Contento v Kohinke,* 42 AD2d 1025; but cf. *Dunn v Blumstein,* 405 US 330; *Shapiro v Thompson,* 394 US 618, invalidating prior durational residency requirements for eligibility). Indeed, our statutes expressly require continuing residency throughout the period of employment for public officers* (Public Officers Law, §§ 3, 30, subd 1, par d).

■ The city likens its ordinance, applicable to the public employees of Buffalo, to the residency qualifications for State and local officers which are found in the statute and to the vacancy in office which results by operation of law when a public officer becomes a nonresident. We concur in that view and hold that the ordinance is not invalid.

The local legislation and the Civil Service Law have different purposes. The ordinance is designed with the legitimate purpose of encouraging city employees to maintain a commitment and involvement with the government which employs them by living within the city (see, e.g., *Wardwell v Board of Educ., supra,* p 628; *Wright v City of Jackson,* 506 F2d 900, 903-904). When so viewed, it is clear that residence is a consideration unrelated to job performance, misconduct or competency. It is a qualification of employment, no less so than admission to the Bar may be in the case of these plaintiffs, and a qualification which the city may impose it if chooses to do so without running afoul of the Constitution or general laws of the State. The Civil Service Law, on the other hand, prescribes the procedures for removal of a protected employee charged with delinquencies in the performance of his job. It has nothing to do with eligibility for employment.

■ In invalidating the ordinance, Special Term relied upon our decision in *Matter of Giliforte v City of Buffalo* (54 AD2d 170, *supra).* In *Giliforte* we construed this same ordinance prior to its amendment in 1976. *Giliforte* was an article 78 proceeding in which a plumbing inspector who had been discharged by the city asserted that the city's action was arbitrary because other employees kept their jobs who were not residents of the city. The ordinance as it then read

---

* The city does not contend the Corporation Counsel and his assistants are public officers (see *Thompson v Hofstatter,* 265 NY 54 [county attorney is a public officer]; *Des Pres v Niagara County Bd. of Supervisors,* 37 Misc 2d 1087; and see discussion of difference between public officers and public employees found in *Matter of Dawson v Knox,* 231 App Div 490, affd 267 NY 565).

specified that nonresidence was "misconduct" and we stated that insofar as the ordinance may have been intended to mandate automatic removal for such "misconduct", it was in conflict with the State Civil Service Law. Since it could not provide for automatic forfeiture of office without violating the Civil Service Law, we held that the city did not act arbitrarily in failing first to discharge nonresident employees before discharging Mr. Giliforte and we affirmed the judgment denying his petition. The language in our decision was consistent with cases which have held that protected employees may not be deprived of their rights under section 75 of the Civil Service Law by rules establishing that certain acts of misconduct during employment result in automatic sanctions (see *Matter of Johnson v Director Downstate Med. Center, State Univ. of N. Y.,* 52 AD2d 357, affd 41 NY2d 1061; *Matter of Sette v McCambridge,* 84 Misc 2d 591 [HANCOCK, JR., J.]). By the amendment of 1976, the city has eliminated the awkward characterization of nonresidence as "misconduct" and overcome any conflict with the Civil Service Law by establishing residence as a qualification for employment, not a matter for discipline.

The judgment should be reversed and the petition dismissed.

MARSH, P. J., MOULE, CARDAMONE and SCHNEPP, JJ., concur.

Judgment unanimously reversed, without costs, and petition dismissed.