■ In the Matter of JOSEPH MAIORE, as President of Local 650 American Federation of State, County and Municipal Employees, AFL-CIO, Respondent, v CITY OF BUFFALO, Appellant. — Order unanimously affirmed, without costs. Respondent's motion to strike all or part of appellant's brief denied. Memorandum: Respondent, City of Buffalo, appeals from an order of Supreme Court at Special Term, Erie County, entered August 6, 1979, which granted petitioner's application, pursuant to CPLR 7510, to confirm an arbitration award, dated July 16, 1979, and denied respondent's cross application, pursuant to CPLR 7511, for an order vacating said arbitration award. This action arose out of the discharge of an employee of the City of Buffalo from her permanent civil service position based upon her failure to reside within the city limits as required by a provision of the city ordinance (ch 1, § 4). At issue before the arbitrator was whether the city was obligated to comply with the procedural requirements of a provision of the collective bargaining agreement between the city and the union representing the employee in addition to, or instead of, the requirements of the city ordinance in the removal of grievant from her employment. In ruling that the city was obligated to comply with the procedural requirements of the collective bargaining agreement, the arbitrator noted that he was making no ruling on the substantive issue involved on the grievance as to whether the employee's noncompliance with the residency ordinance is to be classified as misconduct or incompetence within the purview of the disciplinary provisions of the collective bargaining agreement. The arbitrator's award therefore is not inconsistent with this court's decision in *Mandelkern v City of Buffalo* (64 AD2d 279). Any ruling inconsistent with *Mandelkern* would have to be viewed as irrational and as contrary to the public policy codified by the residency ordinance (ch 1, § 4) and approved by this court in *Mandelkern (supra,* p 280). Upon our review of the record, the arbitrator neither exceeded the scope of the

matter submitted to him, nor did he give the collective bargaining agreement a completely irrational construction *(Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines],* 50 NY2d 1007, 1008-1009; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582; *Lentine v Fundaro,* 29 NY2d 382; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377; *Matter of Board of Educ. v Harrison Assn. of Teachers,* 46 AD2d 674). Respondent's motion to strike all or part of appellant's brief is denied. A party may raise, for the first time on appeal to the Appellate Division, the issue of whether a contract provision is arguably void as against public policy *(Matter of Niagara Wheatfield Administrators Assn. [Niagara Wheatfield Cent. School Dist.],* 44 NY2d 68, 72; *Matter of Heslin v City of Cohoes,* 74 AD2d 393, 396). (Appeal from order of Erie Supreme Court — arbitration.) Present — Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.