Hon. Clifton R. Wharton, Jr. Chancellor State University of New York
Your University Counsel and Vice Chancellor for Legal Affairs has inquired about the implications of chapter 348 of the Laws of 1985, effective September 1, 1985, conferring full voting rights on the student members of community college boards of trustees. Specifically, he has asked whether the student trustees now are to be considered "local public officers" to be counted for quorum and other voting purposes. Second, if the student members are local public officers, must they be residents of the State and of the community colleges' sponsoring municipalities in order to be eligible for election by the student bodies as trustees? Finally, if students residing outside the sponsoring municipalities are eligible, should their oaths of office be filed with the clerk of the sponsoring municipalities or with the clerks of the students' counties of residence?
In a previous opinion, we dealt with the question whether community college trustees are public officers (1982 Op Atty Gen [Inf] 107). We distinguished a public office from a position of employment (ibid.). A public officer has the authority under law to exercise some portion of the sovereign powers of government (ibid.; Matter of Haller v Carlton,42 A.D.2d 829 [4th Dept, 1973]). As compared to an employee who does not discharge independent duties but acts by the direction of others, a public officer is vested with discretion as to how he performs his duties(ibid.).
In our 1982 opinion, we set forth the powers and duties delegated by law to community college trustees. The trustees have the duty (subject to approval by the the State University trustees) to appoint a president of the college (Education Law, § 6306[2]). They may appoint the members of the staff of the community college or may delegate this responsibility to the president (ibid.). The trustees may acquire real or personal property suitable for carrying out the program and purposes of the college (id., § 6306[4]). They have the responsibility for the care, custody, control and management of the land, buildings, facilities and equipment of the college (id., § 6306[5]). We concluded in the 1982 opinion that the voting members of the boards of trustees of community colleges exercise sovereign powers of government, and therefore are public officers. In an earlier opinion, however, we concluded that the student trustees, as non-voting members, do not exercise sovereign powers, and are not public officers (1975 Op Atty Gen [Inf] 79).
In 1977 (chapter 164), section 6306 of the Education Law was amended to grant to student trustees the same parliamentary privileges conferred upon voting members including but not limited to the right to make and second motions and to place items on the agenda (see, also, § 6310[1] of the Education Law, added by L 1984, ch 552). With the granting of full voting rights (L 1985, ch 338), student trustees possess all of the powers, privileges and responsibilities conferred on the remaining trustees. It follows that student trustees now have the status of public officers and because they have the right to vote should be counted for quorum and other voting purposes.
Having decided that student trustees are public officers, the second question is whether they are local officers who must be residents of the sponsoring municipality. Your counsel has pointed out that enrollment at community colleges is available to both residents and non-residents of the sponsoring municipality. Thus, the student bodies of community colleges are not composed exclusively of residents of the sponsor. The question becomes whether non-residents are eligible to serve as trustees.
In our 1982 opinion, we applied section 2 of the Public Officers Law, defining "state" and "local" officers. We found that community college trustees, other than non-voting student trustees, are local officers required to reside at the time of their appointment and throughout their terms of office within the geographical boundaries of the local sponsor (see, also, Public Officers Law, §§ 3 and 30).
Under the provisions of the Education Law, however, the student members of community college boards of trustees are "elected by and from among the students of the college" (id., §§ 6306[1], 6310[1]). With the granting of full voting rights to the student trustees, this appointment provision was not modified. Thus, it appears that the Legislature's intent was not to permit any member of the student body, whether or not a resident of the sponsor, to serve as a student trustee. It seems clear that the authorization for student trustees is intended to provide the student body with representation on the board of trustees. The requisite is continued membership on the student body, not residence in a particular location. Residency requirements for public officers are designed to encourage employees to maintain a commitment and involvement with the governmental employer (Mandelkern v City of Buffalo, 64 A.D.2d 279
[4th Dept, 1978]). With respect to student trustees of community college boards, however, the critical factor is their identity with and membership in student bodies. Thus, we believe sections 6306 and6310 of the Education Law do not require that student trustees be residents of the sponsoring municipality.
Your final question is, assuming that non-residents are eligible to serve as student trustees, whether their oaths of office should be filed with the clerk of the sponsoring municipality or with the clerk of the student's place of residence. All public officers are required to take and file oaths of office (Public Officers Law, § 10). The oath of every officer of a municipal corporation is required to be filed with the clerk of such municipal corporation (ibid.). Thus, a student trustee should file his oath of office with the clerk of the municipal corporation or school district serving as the local sponsor.
We conclude that the student members of community college boards of trustees are public officers but need not be residents of the sponsoring municipality. They must file their oaths of office with the clerk of the sponsoring municipality.