Requestor: Hon. Josephine Gambino, Commissioner NYS Department of Civil Service Civil Service Bldg., State Campus Albany, N Y 12239
Written by: Robert Abrams, Attorney General
You have requested an opinion of the Attorney General as to whether a local legislative body can, by local law, impose a term limitation on a position in the competitive class of the classified service. Your concern is whether a term limitation would violate the provisions of the Civil Service Law or Article V, § 6 of the State Constitution. Arguments have been made that term limitations are unlawful in that they would place appointees on permanent probation and would violate the requirement that competitive class appointments be based solely on merit and fitness rather than political considerations.
New York Constitution Art V § 6 provides that appointments and promotions in the civil service of the State and all of the civil divisions,
 "shall be made according to merit and fitness to be ascertained, as far as practicable by examination which, as far as practicable, shall be competitive."
Section 44 of the Civil Service Law provides that the competitive class shall include all positions for which it is practicable to determine merit and fitness of applicants by competitive examination. Persons holding competitive appointments in the competitive class may only be removed or subject to disciplinary action upon a finding of misconduct or incompetency after a hearing upon stated charges. Civil Service Law § 75.
The Civil Service Law was adopted to carry out the provisions of the Constitution. Matter of Meenagh v Dewey, 286 N.Y. 292 (1941). The broad public policy served by the constitutional merit and fitness requirements have been described by the courts:
 "The principle doubtless was to give at least something like permanency of tenure to appointees in the civil service, and above all to put an end to the vicious practice which had grown up of changing employees whenever the appointing power was changed without any cause except the unrestrained will of the person who happened for the time being to be at the head of the department."
Matter of Seeley v Stevens, 190 N.Y. 158, 164 (1907); see also, Matter of Stryker v Bd. of Education of City of NY, 250 App. Div. 319 (1st Dept), affd, 274 N.Y. 620 (1937).
The question raised is whether a local government by local law may establish terms for positions in the competitive class. Local governments have a broad constitutional grant of authority to enact local laws. N Y Const Art IX. Local governments are empowered to adopt and amend local laws, not inconsistent with the provisions of the Constitution or any general law, relating to their property, affairs or government and relating to a list of subjects. N Y Const Art IX § 2(c). Among the subjects are local laws dealing with the "powers, duties, qualifications, number, mode of selection and removal, terms of office" of local government officers and employees. This grant of authority is implemented through the provisions of the Municipal Home Rule Law. While the grant of home rule power is broad, it is also clear that local laws must be consistent with general State laws. For purposes of Article IX of the Constitution a general law is
 "[a] law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages".
N Y Const Art IX § 3(d)(1). The Civil Service Law is a general law.Matter of Giliforte v City of Buffalo, 54 A.D.2d 170 (4th Dept 1976). Thus, term limitations established by local law must be consistent with the Civil Service Law.
There has been some litigation concerning whether positions with term limitations may be placed in the competitive class of the civil service. We have found no cases, however, dealing with the question whether a term limitation may be placed on a position in the competitive class of the civil service.
An early Court of Appeals decision found that the enactment of Civil Service Law competitive appointment provisions did not repeal laws establishing positions with term limitations. In comparing the Civil Service Law with the local charter provision establishing the term[1], the Court of Appeals reasoned:
 "There is no necessary inconsistency between the two, for they can be read together and an appropriate field of operation assigned to each. The Civil Service Act was not intended to prevent an office from becoming vacant by operation of law through the expiration of the term fixed by statute. When his term expires the officer is not removed, for removal requires affirmative action. The aim of the statute was to protect the incumbents of those positions which previously had been of indefinite tenure, and, hence, subject to arbitrary removal by the appointing power. The legislature did not intend to reach out to every city and village in the state and repeal that part of the charter which gave a definite term to certain offices filled by appointment."
Matter of Tiffany, 179 N.Y. 455 (1904).
In Matter of Phillips, 139 App. Div. 365, 368 (3d Dept), affd, 200 N.Y. 521
(1910), the question was whether the position of county physician to a jail with a term established by State law should be placed in the competitive class of the civil service. One issue was whether the presence of a term for the position made this classification inappropriate.
 "It is further contended that this position is not within the civil service because of the fact that it is for a fixed term. This contention has never been judicially passed upon in this State. The contention, however, is not a sound one. While in respect to an office with a fixed term the protection or benefit of the Civil Service Law may not be as great, nevertheless, the appointment to that office may be made strictly in accordance with that law, and to that extent at least will the State have the benefit and protection of that law."
It has been found that
 "[i]t is entirely practicable to select an appointee after a competitive examination, whether the term of office be definite or indefinite."
Matter of O'Keefe v Clarke, 238 App. Div. 175 (1933); Berg v Gerber, 59 A.D.2d 906 (2d Dept 1977). Other positions with terms of office established by State law have been determined to be appropriately classified as competitive. City of Yonkers v Carey, 87 Misc.2d 467 (Sup Ct Westchester Co 1976). It has been recognized, however, that limitations relating to the length of terms of office do not normally exist in the competitive class of the civil service. Ibid; Matter of Seeley v Kaplan, 24 Misc.2d 381 (Sup Ct Special Term Albany Co 1960).
Thus, courts have recognized that positions with State- created terms of office may be placed in the competitive class. The decisions reason that there would be no inevitable conflict because the requirements for competitive class appointments would be applied to the positions during the designated term. In the Tiffany case, the Court of Appeals grandfathered in terms of office established for positions existing at the time the new Civil Service Law came into effect. The question remains whether a local government by local law may impose terms of office on positions that have been classified in the competitive class of the civil service.
We do not view the cited cases as dispositive of this question. They recognize that certain positions with terms established by State law, constitutionally must be placed in the competitive class if practicable. This fulfills the merit and fitness appointment requirement. While the cases also recognize that there is no inevitable conflict between the presence of terms and placement in the competitive class, the decisions are limited to specific positions created by State law or State created charter provisions.
Whether a local government may establish terms for positions in the competitive class creates different legal issues. They involve the extent to which home rule powers are restricted by provisions of State law set forth in the Civil Service Law and Rules. As related earlier, local governments have extensive powers to enact local laws establishing and structuring local positions. They have no authority, however, to alter provisions of State law setting forth civil service classifications and defining the character of these classes.
Before a local position is established with its particular array of powers and duties, the position must be classified by the local civil service commission, which carries out this function in accordance with the Constitution and State law. Civil Service Law § 22. If that position is placed in the competitive class, service by incumbents who have received permanent appointments is continuous. Clearly, this was the intent of the Legislature in providing for appointments based on merit and fitness and prohibiting arbitrary removal. The Court of Appeals has stated that the intent of the Civil Service Law merit and fitness appointment requirements is "to put an end to the vicious practice which had grown up of changing employees whenever the appointing power was changed without any cause except the unrestrained will of the person who happened for the time being to be at the head of the department." Matterof Seeley v Stevens, supra, p 164. See also, Matter of Tiffany, supra.
A local law setting forth a term for a position in the competitive class is, in our view, inconsistent with these concepts underlying the Civil Service Law. Terms would undoubtedly be used to allow newly elected officials to replace incumbents with their own appointees, subjecting these appointments to political and policy considerations. As the cited cases note, it was the very purpose of the Civil Service Law to relieve competitive class appointments of these considerations and to replace them solely with considerations of merit and fitness for the position. Local laws are required to be consistent with general State laws and with any State law that deals with an area that is a matter of State concern. N Y Const, Art IX; Adler v Deegan, 251 N.Y. 467 (1929). The Civil Service Law falls into these categories. Matter of Giliforte v City of Buffalo,supra; see, Adler v Deegan, supra. Thus, a local government may not establish a term for a position in the competitive class. Such a local law would be inconsistent with the Civil Service Law and Rules.
The cited cases finding that there is no inevitable inconsistency between term appointments and the competitive class clearly are distinguishable from the question at hand. As stated above, the Court of Appeals inMatter of Tiffany grandfathered in existing local positions with terms. That decision is of little significance here. The other cases dealt with terms created by State law. The courts found a way to read those provisions in harmony with other provisions set forth in the Civil Service Law, as is required under rules of statutory construction. Thus, the courts concluded that while a term would limit the protections provided to incumbents by the Civil Service Law, there would be no inevitable inconsistency because the requirements of that law could be applied during the particular term. Local laws, on the other hand, cannot in any way limit the protections provided by the State Civil Service Law. Such a local law would be inconsistent with that State law and, therefore, is unauthorized.
In Matter of Morris v Neider, 259 App. Div. 49, 53 (4th Dept 1940), the Appellate Division found that provisions of the Civil Service Law providing a right to court review of local disciplinary decisions superseded existing charter provisions.
 "In view of the purpose of the Civil Service Law, which is to provide continuity in service of those who come within its purview, and in view of the evident intention of the Legislature in enacting the original section 21 (now section 22) of the Civil Service Law, to protect World war veterans and those of like public service from summary removal, it must be held that section 90, in so far as the prohibition of review of the decision of the mayor is concerned, must give way to the provisions of subdivision 1 of section 22 of the present Civil Service Law; this because, if the conclusion were the reverse, any city, by securing or making a change in its charter, could remove any persons who are entitled to reward for war service or other service in time of public stress, from the protection of the Civil Service Law. The intention of the Legislature was to continue that protection irrespective of the desires of the several municipalities."
Emphasis supplied.
We conclude that a municipality may not impose a term of office on a position in the competitive class of the civil service.
[1] Enacted by L 1886, ch 84, title 2, § 2.