Stephen M. Abella, Esq. Informal Opinion County Attorney No. 98-57 County of Chautauqua Gerace Office Bldg. 3 North Erie Street Mayville, N Y 14757-1007
Dear Mr. Abella:
You have inquired whether restrictions on political activity under section 17-110 of the Election Law apply to sheriffs1 and deputy sheriffs.
Generally, subdivisions 1 and 2 of section 17-110 provide that it is a misdemeanor for "a police commissioner or any officer or member of any police force" to use official powers to aid, reward or punish a political organization, citizen or officer or member of a police force because of political views or affiliation.
Subdivision 3 of section 17-110 provides:
 Any person who, being a police commissioner or any officer or member of any police force in this state:
 . . .
 3. Solicits, collects or receives any money for, any political fund, club, association, society or committee, is guilty of a misdemeanor.2
The seminal 1940 Attorney General opinion, 1940 St Dept Rep 122, which was relied upon in subsequent opinions and cases, concludes that the sheriff is not subject to the campaign restrictions. We conclude here, however, in view of amendments to State law regarding the definitions of police officer and peace officer and the current role of the sheriff and his deputies as a police force, that section 17-110 does apply to sheriffs and deputy sheriffs. We note it has been decided that the candidacy of a police officer for an elective public office does not violate section 17-110. N Y State Bd. Of Elections, 1983 Formal Opinion No. 8; Jones v. Seneca Bd. of Elections, 83 A.D.2d 982 (4th Dept 1981). While the restrictions of section 17-110 would apply to such a candidacy, in our view they do not prohibit the receipt of campaign funds by a committee on behalf of the candidate. The statute, however, in addition to the restrictions in subdivisions 1 and 2, prohibits a police officer running for public office or for reelection from personally soliciting, collecting or directly receiving campaign funds.
The Election Law does not define "officer or member of any police force." The 1940 opinion of this office (1940 St Dept Rep 122) concluded that a sheriff was not an officer or member of a police force and therefore did not fall within the predecessor of current section 17-110 of the Election Law. That opinion stated:
 While a sheriff is a peace officer (Code of Criminal Procedure, Section 154), in my opinion a sheriff is not an officer or member of any police force in this State within the meaning of Section 756 of the Penal Law.
At that time, the Election Law restrictions were located in section 756 of the Penal Law, and applied, as does the current statute, to a police commissioner or any officer or member of any police force of the State. Penal Law (1938), § 756. Significantly, when the 1940 opinion was issued section 154 of the Code of Criminal Procedure provided:
§ 154. Who are peace officers
 A peace officer is a sheriff of a county, or his under sheriff or deputy, or a county detective appointed pursuant to chapter sixty-two of the laws of eighteen hundred ninety-seven, as amended by chapter five hundred and thirty-two of the laws of nineteen hundred and by chapter five hundred and ninety-eight of the laws of nineteen hundred eleven, or a constable, marshal, police constable or policeman of a county, city, town or village. . . .
Thus, at the time of our 1940 opinion, the term "peace officer" included a sheriff, undersheriff and deputy sheriff of a county and, as a separate category of peace officer, a policeman of a county, city, town or village. While there is little reasoning in the 1940 opinion, the distinction between these two categories seems to be the basis for the conclusion that section 756 of the former Penal Law does not apply to the sheriff.
The opinion also states, immediately prior to its conclusion, that the sheriff is an elective officer with criminal and civil duties.
In subsequent opinions, we also concluded that a sheriff is not an officer or member of a police force within the meaning of section 756 of the former Penal Law (1963 Op Atty Gen [Inf] 182) and that sheriffs, under-sheriffs and deputy sheriffs do not fall within these restrictions (1971 Op Atty Gen [Inf] 131). These later opinions were based upon the 1940 opinion. The State Board of Elections reached the same conclusions, relying upon our 1971 opinion. 1978 Formal Opinion No. 7.
The 1971 opinion of the Attorney General also cites Matter of Gretzingerv. Board of Elections of Monroe County (Sup Ct, Monroe County, June 4, 1970, unreported), affd, 34 A.D.2d 1095 (4th Dept 1970). The court cited the 1940 and 1963 opinions of the Attorney General in finding that neither the sheriff nor a deputy sheriff is a member of a police force within the meaning of the Election Law restrictions. In its recitation of relevant facts, the court stated that the sheriff and his deputies are peace officers. Also, the court noted that the sheriff is an elected officer serving as an officer of the court and the sheriff's duties include custody of prisoners and care and maintenance of the county jail. Thus, the court found that the sheriff discharges civil and criminal duties and is an independent agent. The sheriff's deputies are employed by him personally, not by the county, and therefore the court concluded that the sheriff and his deputies are one and the same legally.
Current State law defining a "police officer" and "peace officer" sharply contrasts with the definition of these terms at the time of our 1940 opinion. "Police officer" has been defined by the Criminal Procedure Law to include "[s]heriffs, under-sheriffs and deputy sheriffs of counties outside of New York City." Criminal Procedure Law § 1.20(34)(b). This definition of "police officer" is broadly and uniformly applied throughout the law to define the powers and training requirements of police officers. Sheriffs and deputy sheriffs no longer form a category separate and distinct from municipal police officers. Both groups now are "police officers." Whereas at the time of our earlier opinions "police officer" was a subcategory of "peace officer", these are now completely separate groups with distinct powers and training requirements. Classifications of "peace officers" exclusively are consolidated within section 2.10 of the Criminal Procedure Law. Peace officers have different law enforcement authority than police officers. Police officers have primary and general law enforcement obligations. See, Criminal Procedure Law §§ 120.10, 140.10, 690.25. Peace officers have more specialized law enforcement responsibilities focused on a particular locale and criminal activity and their powers are subject to employer regulation. Id., §§ 2.20(1)(i), 140.25. Police officers generally are exempt from the Penal Law prohibition on possession of firearms (Penal Law § 265.20[a][1][b]) whereas members of many categories of peace officers are required to obtain a license to possess a firearm (Criminal Procedure Law § 2.10).
Thus, sheriffs and deputy sheriffs currently are police officers, not peace officers. Their powers under State law are the same as members of any other police department.
Section 17-110 of the Election Law covers officers and members of a "police force." In our view, sheriffs and deputy sheriffs are members of a police force subject to the Election Law restrictions. The sheriff's department commonly is relied upon for the provision of general law enforcement services. Many counties include at least some areas that are not served by local police departments, which rely upon the sheriff for primary law enforcement through road patrol services. In these municipalities, the sheriff and his deputies provide general law enforcement and, therefore, are the police force. See, 1981 Op Atty Gen (Inf) 193, 195-196.
 [A] sheriff has the power to enforce the law, which is what a police department does. If a sheriff provides a service to those municipalities that do not have a police force and does not provide the same service to municipalities that do have a police force and if that service is general law enforcement, the sheriff is in effect operating a "police department" even if it is called a "road patrol." Id.
In some instances, the sheriff's department supplements local law enforcement. See, Op Atty Gen (Inf) No. 95-43. A rule like the Election Law provisions
 which prohibits a police officer from participating in the political arena, whether it be by soliciting votes or financial aid or by influencing any voter at any election, "comports with (the) sound administration policy that the removal of police personnel from active politics and from active participation in any movement for the nomination or election of candidates for political or public office is conducive to the effective maintenance of discipline and the preservation and promotion of the integrity and efficiency of the Police Department and its personnel." . . .
 [T]his rule prohibits a policeman from utilizing his status and authority as a law enforcement officer as the means to aid or to hinder a political entity. Purdy v. Kriesberg, 47 N Y 2d 354, 361 (1979).
It makes no sense to distinguish between sheriffs and deputy sheriffs, who are now police officers commonly performing general law enforcement functions, and members of other police departments.
As the county executive pointed out in his letter, a similar analysis was made in applying restrictions applicable to the manufacture or sale of alcoholic beverages. Alcoholic Beverage Control Law § 128. Under these statutory provisions, it is unlawful for any "police commissioner, police inspector, captain, sergeant, groundsman, patrolman or other police official or subordinate of any police department in the state" to have certain direct or indirect interests in the manufacture or sale of alcoholic beverages. These restrictions have been applied to deputy sheriffs. Wilson v. NYS Liquor Authority, 52 N.Y.2d 741 (1980); Rosicav. State Liquor Authority, 69 A.D.2d 1015 (4th Dept 1979). In an opinion of this office, we specifically concluded that these Alcoholic Beverage Control Law provisions apply to deputy sheriffs in that they are police officers under section 1.20(34) of the Criminal Procedure Law. 1980 Op Atty Gen (Inf) 240. There is no substantive difference between "member of any police force," used in section 17-110, and ". . . patrolman or other police official or subordinate of any police department in the state." Also, like section 17-110, these restrictions eliminate potential conflicts involving official duties.
We note, however, that deputy sheriffs have been found not to be members of a police force for purposes of residency under section 3 of the Public Officers Law. Section 3 establishes a requirement of residency in the municipality for officers of the municipality. Subdivision 2 of section 3 establishes an exception for a member of the police force of any political subdivision or municipal corporation.
 Neither the provisions of this section . . . requiring a person to be a resident of the political subdivision or municipal corporation of the state for which he shall be chosen or within which his official functions are required to be exercised, shall apply to the appointment of a person as a member of the police force of any political subdivision or municipal corporation of the state if such person resides . . . . Public Officers Law § 3(2).
The Appellate Division without analysis narrowly held that "[w]hile petitioners may perform some criminal law enforcement activities, they are not members of the police force of any political subdivision or municipal corporation as contemplated by section 3." Myles v. Phillips,87 A.D.2d 614, 615 (2d Dept), affd, 57 N.Y.2d 692 (1982). Mazzo v. Countyof Monroe, 58 A.D.2d 1017 (4th Dept 1977) also holds that deputy sheriffs do not fall within the exception. The court reasoned that while the sheriff's department exercises police functions, it is more than a police department. 58 A.D.2d at 1018. The deputies act in the service of the public or the municipality in the performance of criminal duties but are personal agents of the sheriff in performing civil duties. Id. These broader duties of deputies traditionally have distinguished them from other police officers. Id. Further, the court emphasized that
 the Legislature had no difficulty in specifying that special deputy sheriffs were exempt from the residency requirements of the statute (§ 3(2-b)), thereby indicating that it considered a specific exemption for that class of deputy sheriffs necessary and that they were not otherwise exempt by the provisions of section 3(2) as members of a police force. Mazzo, supra.
Section 3(2) of the Public Officers Law can be distinguished from section 17-110 in that it relates to an exception to residency requirements for holding public office. The cases cited above rely on legislative intent under the Public Officers Law. Also, exceptions from a general residency requirement for public officers should be narrowly construed. Exceptions must be strictly construed so that the major policy underlying the legislation itself is not defeated.
 Exceptions . . . extend only so far as their language fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception. Where a general rule is established by statute with exceptions, the court will not curtail the former nor add to the latter by implication, and it is a general rule that an express exception excludes all others. In re Charles' Estate, 200 Misc 452, 461 (NY SurCt), affd, 279 App. Div. 741 (1st Dept 1951), affd, 304 N.Y. 776 (1952).
We believe that sheriffs and deputy sheriffs are subject to section17-110 of the Election Law. In contrast to the law at the time of the 1940 opinion of the Attorney General, sheriffs and deputy sheriffs are now "police officers" with full police officer powers. Further, they commonly provide general law enforcement in areas of counties not served by municipal police departments and supplement local law enforcement. They are functionally no different from other municipal police officers. They fall within the terms and purpose of section 17-110 of the Election Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions