■ In the Matter of DEBBIE SORANO, Respondent, v CITY OF YONKERS et al., Appellants. [830 NYS2d 590]—

In a proceeding pursuant to CPLR article 78 to review a determination of Robert Taggart, Commissioner of Police of the City of Yonkers, dated August 2, 2005, which summarily terminated the petitioner's employment as a police officer pursuant to Public Officers Law § 30 (1) (d) on the basis of the change in her domicile to the state of Maryland, the appeal is from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered April 28, 2006, which granted the petition, annulled the determination, and reinstated the petitioner to her former position as a police officer with back pay to the date of her termination.

Ordered that the judgment is modified, on the law, by adding thereto a provision that the annulment of the determination and the reinstatement of the petitioner to her former position as a police officer is without prejudice to the appellants' right to seek the termination of the petitioner's employment as a police officer pursuant to Public Officers Law § 30 (d) (1) after giving the petitioner pretermination notice of and an opportunity to respond to the allegation that she has changed her domicile from the state of New York to the state of Maryland; as so modified, the judgment is affirmed, without costs or disbursements.

The petitioner was terminated from her position as a police officer with the City of Yonkers Police Department following an investigation, after which it was found that the petitioner had changed her domicile from the state of New York to the state of Maryland in contravention of Public Officers Law § 30 (1) (d). Contrary to the petitioner's argument, termination of employment pursuant to Public Officers Law § 30 (1) (d) does not warrant a pre-termination hearing pursuant to Civil Service Law § 75 because "the act of failing to maintain one's residence within the [state] is separate and distinct from an act of misconduct by a municipal employee in the performance . . . of work" (*Matter of Felix v New York City Dept. of Citywide Admin. Servs.*, 3 NY3d 498, 505-506 [2004]; *see also Mandelkern v City of Buffalo*, 64 AD2d 279, 281-282 [1978]).

Although the petitioner was not entitled to a pre-termination hearing pursuant to Civil Service Law § 75, she was still entitled to be notified of the allegation that she had changed her domicile from the state of New York to the state of Maryland, and to have an opportunity to respond to the allegation prior to her termination (*see Matter of Felix v New York City Dept. of Citywide Admin. Servs., supra*). Since neither notice of nor an

opportunity to respond to the allegation was given to the petitioner, due process was not satisfied (*cf. id.*). Accordingly, the determination terminating the petitioner's employment was properly annulled.

In light of our determination, we need not reach the appellants' remaining contentions. Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.