■ JEROME INGRAM et al., Respondents, v CLINTON C. BOONE et al., Constituting the Board of Education of Union Free School District No. 1 of the Town of Hempstead, Appellants, and OLIVER LANCASTER, as Superintendent of Union Free School District No. 1 of the Town of Hempstead, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Union Free School District No. 1 of the Town of Hempstead, *inter alia*, to accept the district superintendent's resignation and to pay him a certain sum in connection with the acceptance of his resignation, the board of education appeals, by permission of this court, from an order of the Supreme Court, Nassau County (Lockman, J.), dated March 18, 1982, which held that petitioners had standing to initiate the proceeding and directed that a hearing be held to determine the factual question of whether the board of education "exceeded its authority in agreeing to the lump sum settlement". Order affirmed, with $50 costs and disbursements. Petitioners are taxpaying residents of the Union Free School District No. 1 of the Town of Hempstead. Petitioners Ingram and Moore are also parents of children attending school in the district. They have commenced the instant proceeding to review an agreement entered into between the board of education of the school district and the district superintendent, alleging it was violative of the statutory and constitutional law of this State. In August, 1980 Dr. Oliver Lancaster contracted with the board of education to serve as superintendent of schools for a period of four years commencing July 1, 1980. Approximately one year later, in the fall of 1981, a dispute allegedly arose between the board of education and Dr. Lancaster concerning his performance as superintendent. The board entered into negotiations with Lancaster in an effort to obtain his resignation

which negotiations culminated in a resolution proposed at a public meeting of the board held on December 17, 1981, whereby Dr. Lancaster would resign effective December 31, 1981, the school district would pay him a lump sum of $65,000 and the board would continue Dr. Lancaster's insurance under several policies until the termination date of his employment contract or until he received insurance coverage from another source, whichever date occurred first. The resolution was approved by a vote of four to zero with one abstention. Thereafter, a formal stipulation was executed and general releases were signed. By order to show cause dated December 31, 1981 petitioners instituted the instant proceeding in which they challenge the lawfulness of the subject agreement. Petitioners had standing to commence this proceeding by virtue of section 1 of article VIII of the State Constitution which forbids gifts of public funds. However, the payment of public funds as damages for breach of a contractual obligation or in settlement of a contested claim is not prohibited by this constitutional provision (see *Matter of Antonopoulou v Beame,* 32 NY2d 126, 131; *Piro v Bowen,* 76 AD2d 392, 398; see, also, *Matter of Cedar v Commissioner of Educ. of State of N. Y.,* 30 AD2d 882). On the record before us, it is impossible to determine whether the payment to Dr. Lancaster can be construed as a settlement of a legitimate claim or whether it is, in fact, a gift of public moneys. A mere claim of exercise of discretion and judgment is not enough, in the absence of competent proof, to validate the payment. Accordingly, Special Term properly directed that a hearing on this question be held. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.