■ In the Matter of the Arbitration between STATE OF NEW YORK (STATE UNIVERSITY OF NEW YORK, BINGHAMTON), Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., on Behalf of RICHARD CARLIN, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered April 21, 1988 in Albany County, which denied petitioner's application pursuant to CPLR 7511 to vacate or modify an arbitration award.

Petitioner commenced this proceeding for judgment vacating or modifying an October 7, 1987 arbitration award. The arbitrator determined (1) that the grievance of Richard Carlin was arbitrable and (2) that petitioner had violated the terms of its 1985-1988 collective bargaining agreement with respondent when it reclassified the position of general mechanic, grade 12, to supervisory plumber/steamfitter, grade 14, without posting the reclassified position as a vacancy. Supreme Court rejected petitioner's claim that the arbitrator exceeded his authority (CPLR 7511 [b] [1] [iii]) and dismissed the petition. Petitioner appeals, contending that the grievance was not arbitrable under the terms of the collective bargaining agreement.

We affirm. Petitioner, having itself submitted to arbitration the issue of whether the grievance was arbitrable rather than seeking an initial judicial determination (see, CPLR 7503 [b]), will be deemed to have waived the right to contest the arbitrator's authority to decide the question (see, Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 583). Since petitioner contested the arbitrability of the sole

issue to be arbitrated, Supreme Court had discretion to grant a stay, had one been sought *(compare, Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411, 418-419, *with Clifton-Fine Cent. School Bd. of Educ. v Wisner,* 59 AD2d 50, 51, *lv denied* 43 NY2d 643; *see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 302). The provisions of CPLR 7511 simply do not permit a party who has participated in the arbitration to raise the question of arbitrability as a ground for vacating the award *(compare,* CPLR 7511 [b] [1], *with* CPLR 7511 [b] [2]; *see, Matter of United Liverpool Faculty Assn. v Board of Educ.,* 52 NY2d 1038, 1041).

Petitioner's substantive contentions are also unavailing. We agree with respondent, particularly in light of the presumption that questions of arbitrability of labor contracts are for the arbitrator *(see, Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380, 384), that the contract language providing for nonarbitrability of grievances concerning the procedural requirements of posting did not prohibit arbitration of a grievance arising from the employer's filling of a position without declaring a vacancy in the first instance. In our view, the arbitrator did not exceed his authority and his decision was by no means irrational *(see, Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383).

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.