In the Matter of the Arbitration between ELMIRA HEIGHTS CENTRAL SCHOOL DISTRICT, Respondent, and ELMIRA HEIGHTS EDUCATIONAL SUPPORT STAFF ASSOCIATION et al., Appellants. [672 NYS2d 952] —Crew III, J. Appeal from an order of the Supreme Court (Ellison, J.), entered July 23, 1997 in Chemung County, which granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Respondents are the negotiating representatives for petitioner's nonteaching employees. From July 1, 1983 through December 31, 1994, in accordance with various collective bargaining agreements, petitioner paid 100% of the health insurance premiums for its retired nonteaching employees. In 1993, petitioner and respondents executed a collective bargaining agreement covering the period from July 1, 1993 until June 30, 1996. Pursuant to section 16.1 (b) of that agreement, "employees" were required to pay a percentage of the annual premium for their health insurance coverage. Section 16.14 of the agreement, however, required petitioner to provide health insurance coverage for any employee who retires, and this provision made no reference to any contributory obligation.

On November 14, 1994, petitioner's Board of Education passed a resolution requiring all employees to contribute 10% of the yearly premium cost of their health insurance plan. On November 21, 1994, petitioner's Superintendent advised all retirees that they too were required to contribute 10% of the cost of their health insurance. As a consequence, respondents filed a grievance alleging that petitioner violated section 16.14 of the collective bargaining agreement by requiring employees who had retired before the effective date of the agreement to contribute to the payment of their health insurance premiums. The grievance was denied on the ground that respondents did not represent the retired employees and, as a consequence, respondents sought arbitration.

An arbitration hearing first was held to determine whether the grievance was arbitrable. The arbitrator determined that the grievance indeed was arbitrable and, following a second hearing, the arbitrator concluded that petitioner violated the collective bargaining agreement when it unilaterally imposed a copay for the health care plan for its retirees. As a result of such determination, the arbitrator ordered that petitioner refund any contributions retirees may have made pursuant to such requirement.

Petitioner thereafter commenced this CPLR article 75 proceeding seeking to vacate the award. Following respondents' answer, Supreme Court granted the petition and vacated the

award, finding that the arbitrator exceeded his authority and that the award was contrary to the law. Respondents appeal.

In response to the instant appeal, petitioner contends that the retirees were neither members of the bargaining unit nor "employees" as defined by the collective bargaining agreement and, therefore, the arbitrator exceeded his authority in ordering that petitioner refund contributions made by such retirees. We disagree. While petitioner couches its argument in terms of the arbitrator exceeding his authority (*see,* CPLR 7511 [b] [1] [iii]), in reality petitioner is arguing that the arbitrator did not have the power to decide the question at issue and, therefore, there was nothing to arbitrate (*see, Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578). It is now beyond cavil that a party who has participated in arbitration cannot seek to vacate the award on the ground that the entire controversy was not arbitrable (*see, id.*, at 583). Such issue must be raised in an application for a stay of arbitration or it is waived (*see, id.*).

Nor are we persuaded that the arbitrator exceeded his powers within the meaning of CPLR 7511 (b) (1) (iii). An arbitrator may be said to have exceeded his or her power only if he or she gave a completely irrational construction to the provision in dispute and, in effect, made a new contract for the parties (*see, e.g., Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383). Here, the provisions of the agreement providing for employee health insurance required a copay, whereas the provision providing for health insurance for retirees was silent in that regard. The arbitrator, in interpreting that provision, considered, *inter alia*, the parties' past practices and concluded that petitioner inappropriately required its retirees to contribute to the cost of their health care—a determination that, in our view, he was well within his right to make (*cf., Myers v City of Schenectady*, 244 AD2d 845). The fact that a different construction might have been accorded section 16.14 does not mean that the arbitrator rendered a completely irrational interpretation of the provision and crafted a new contract for the parties. Accordingly, petitioner's application to vacate the award must be denied.

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application denied.