■ In the Matter of UNITED FEDERATION OF TEACHERS, Respondent, v BOARD OF EDUCATION OF NEW YORK CITY COMMUNITY SCHOOL DISTRICT No. 9 et al., Appellants. [736 NYS2d 223] —Judgment, Supreme Court, New York County (Marcy Friedman, J.), entered November 9, 2000, which, inter alia, confirmed the arbitration award in petitioner's favor sustaining the grievance of a preparatory provisional teacher and reinstating him with back pay, unanimously affirmed, without costs.

The plain language of the subject arbitration award required the grievant's reinstatement with back pay through the date of reinstatement. In view of the circumstance that the grievant's term of employment ended more than one year prior to issuance of the arbitrator's award, it is clear that the arbitrator intended that the grievant be reinstated subsequent to the expiration of his term of employment and thus that the award of back pay through the date of his reinstatement would cover a period not within the grievant's original employment term. Respondents' contention that the award of back pay for the period not within the grievant's original term of employment constitutes a public gift violative of article VIII of the New York Constitution is unpreserved and we decline to reach it. Were we to consider it, however, we would find that the award amounts to no more than a remedy to vindicate the grievant's rights under the applicable collective bargaining agreement and, as such, does not constitute a constitutionally proscribed gift (*see, Matter of Antonopoulou v Beame*, 32 NY2d 126). Concur—Andrias, J.P., Saxe, Buckley, Friedman and Marlow, JJ.