■ In the Matter of BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondent, v UNITED FEDERATION OF TEACHERS, LOCAL 2, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, Appellant. [757 NYS2d 868] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the appeal, as limited by the brief, is from so much of an order of the Supreme Court, Kings County (Gigante, J.), dated November 20, 2001, as granted the petition to vacate the award to the extent of remitting the matter to the arbitrator to determine whether the petitioner's determination that Dorothy Jenkins committed an act of corporal punishment was arbitrary or capricious, and denied the cross motion to confirm the award.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied, the cross motion is granted, and the arbitration award is confirmed.

The Supreme Court erred in granting the petition to vacate the arbitrator's award to the extent of remitting the matter for a new determination as to whether the petitioner's determination that Dorothy Jenkins, a paraprofessional, committed an act of corporal punishment was arbitrary or capricious, and denying the appellant's cross motion to confirm the award. The award, which rested upon the arbitrator's interpretation of the labor agreement, did not violate a strong public policy, was not

irrational, and did not clearly exceed a specifically enumerated limitation of the arbitrator's power (*see Matter of Albany County Sheriff's Local 775 of Council 82, AFSCME, AFL-CIO [County of Albany]*, 63 NY2d 654 [1984]; *Matter of Elmira Hgts. Cent. School Dist. [Elmira Hgts. Educ. Support Staff Assn.]*, 250 AD2d 983 [1998]; *see also Matter of Wicks Constr. [Green]*, 295 AD2d 527 [2002]; *Matter of Recore [Chateaugay Cent. School Dist.]*, 256 AD2d 801 [1998]; *Matter of Neiman v Backer*, 211 AD2d 721 [1995]). Santucci, J.P., Luciano, Townes and Rivera, JJ., concur.