■ PHARMA CONSULT, INC., Formerly Known as J.W.S. DELAVAU Co., et al., Appellants, v NUTRITION TECHNOLOGIES LLC, Formerly Known as DELAVAU HOLDINGS L.L.C., Respondent, et al., Defendants. [809 NYS2d 9]—

Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered May 26, 2005, which granted defendant buyer's motion to confirm an arbitration award pursuant to CPLR 7511, unanimously affirmed, with costs.

The arbitral award at issue concerns an asset purchase agreement (APA) which provided for payment of the estimated value of the assets at closing, and an adjustment to the price based upon a post-closing net asset value statement. Claims relating to the post-closing statement were to be resolved, if necessary, through arbitration. There was a separate provision in the APA for claims for breach of warranty (§ 8). These claims were not subject to arbitration. They were, however, subject to various restrictions on payment, minimum thresholds, and, in effect, a deductible.

Prior to the arbitration, seller asserted that the claims at issue were not arbitrable, because they were actually breach of warranty claims governed by section 8 of the APA. The court, however, rejected that contention in a determination from which seller took no appeal.

The claims proceeded to arbitration. The arbitrator awarded buyer some $3.2 million. Seller now asserts that the arbitrator exceeded his authority, because he issued an award that was immediately payable, not one that was subject to the payment restrictions set forth in section 8.

An arbitral award may be vacated or modified where the arbitrator exceeds his authority (CPLR 7511 [b] [1] [iii]), but only where the limitation allegedly exceeded is found in the arbitration clause itself, not in some other part of the agreement (see Matter of Brown & Williamson Tobacco Corp. v Chesley, 7 AD3d 368, 372 [2004]). Inasmuch as the limitation relied upon by seller is not found in the arbitration clause, seller has no cognizable claim that the arbitrator exceeded his authority. Moreover, since seller's objection went to each and every claim in the arbitration, its failure to appeal before going forward with the arbitration constituted a waiver of that objection (cf. Matter of Silverman [Benmor Coats], 61 NY2d 299, 310 [1984] [no waiver where some claims concededly arbitrable, because no stay would have issued]).

Seller also asserts that the arbitrator made a mathematical error in failing to credit it with a $225,000 refund it claims to have paid the buyer. While CPLR 7511 does allow for correction

of awards for mathematical error, here seller raised this issue before the arbitrator and then abandoned it, submitting no proof to establish the credit. Therefore, the IAS court properly confirmed the portion of the award containing the alleged error. Concur—Mazzarelli, J.P., Andrias, Marlow, Gonzalez and Sweeny, JJ.