■ In the Matter of CITY OF MIDDLETOWN, Respondent, v CITY OF MIDDLETOWN POLICE BENEVOLENT ASSOCIATION, Appellant. [818 NYS2d 232]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 7, 2004, the City of Middletown Police Benevolent Association appeals from an order of the Supreme Court, Orange County (Horowitz, J.), dated January 10, 2005, which granted the petition and denied its cross application to confirm the award.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the cross application to confirm the award is granted.

An arbitrator determined, in construing article IX, sections 1, 2, and 3 of the parties' collective bargaining agreement, that police officers employed by the City of Middletown accrue their annual allotment of vacation days on January 1st of each year, and that the City violated the agreement when its mayor unilaterally changed the vacation accrual policy. The Supreme Court erred in granting the petition to vacate the arbitrator's award and in denying the cross application of the City of Middletown Police Benevolent Association to confirm the award.

The arbitrator's award did not violate strong public policy, was not irrational, and did not clearly exceed a specifically enumerated limitation of the arbitrator's power (see *Matter of Albany County Sheriff's Local 775 of Council 82, AFSCME, AFL-CIO [County of Albany]*, 63 NY2d 654, 656 [1984]; *Matter of Board of Educ. of City School Dist. of City of N.Y. v United Fedn. of Teachers, Local 2, Am. Fedn. of Teachers, AFL-CIO*, 304 AD2d 826, 827; *Matter of County of Nassau v Sheriff's Officers Assn.*, 294 AD2d 31, 35 [2002]; *Matter of Elmira Hgts. Cent. School Dist. [Elmira Hgts. Educ. Support Staff Assn.]*, 250 AD2d 983, 984 [1998]; *Matter of Correction Officers Benevolent Assn. v City of New York*, 160 AD2d 548, 549 [1990]). Moreover, the arbitrator's interpretation of the parties' vacation accrual policies set forth in the collective bargaining agreement did not violate New York Constitution article VIII § 1 (see *Matter of Board of Educ. of Ramapo Cent. School Dist. [Ramapo Teachers' Assn.]*, 200 AD2d 62, 65 [1994]). Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.