■ In the Matter of SOCIAL SERVICE EMPLOYEES UNION, LO-CAL 371, on Behalf of FILIPE RIVERA, Respondent, v CITY OF NEW YORK et al., Appellants. [856 NYS2d 14]—Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered January 16, 2007, granting petitioner's motion to annul an arbitrator's award and denying respondents' cross motion to confirm the award, unanimously reversed, on the law, without costs, petitioner's motion denied and respondents' cross motion granted.

Contrary to petitioner's contention, the arbitrator, who was not bound by rules of evidence (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]), did not exceed her power (CPLR 7511 [b] [1] [iii]) by admitting into evidence a memorandum from the director of the facility where petitioner was employed to a fellow employee about the status of the latter's complaint about petitioner, unrelated to the instant arbitration. Petitioner argues that the arbitrator violated a provision of the collective bargaining agreement. However, the limitation contained in that provision is not specifically related to the

power of the arbitrator (*see Matter of Brown & Williamson Tobacco Corp. v Chesley*, 7 AD3d 368, 373 [2004]; *Pharma Consult, Inc. v Nutrition Tech. LLC*, 25 AD3d 421 [2006], *lv denied* 6 NY3d 713 [2006]). Moreover, even where an arbitrator makes errors of law or fact, "courts will not assume the role of overseers to conform the award to their sense of justice" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). Nor was the objected-to memorandum so prejudicial that any mistake in accepting it was "so gross or palpable as to establish fraud or misconduct" (*Korein v Rabin*, 29 AD2d 351, 356 [1968]; CPLR 7511 [b] [1] [i]). Concur—Lippman, P.J., Tom, Williams and Acosta, JJ. [*See* 14 Misc 3d 1222(A), 2007 NY Slip Op 50126(U).]