■ In the Matter of the Arbitration between BRYON JANDREW, Respondent, and COUNTY OF CORTLAND et al., Appellants. [923 NYS2d 778]—

Peters, J.P. Appeal from an order of the Supreme Court (Lebous, J.), entered February 25, 2010 in Cortland County, which, among other things, granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

Petitioner was hired by respondent County of Cortland as a Recycling Attendant in November 1993 and was promoted to the position of Building Maintenance Worker in April 2001. In 2008, petitioner received a summons to appear in court for failing to wear a seat belt, but he failed to appear. In August 2008, the County was notified by the Department of Motor Vehicles of the possible suspension of petitioner's driver's license. The County, however, never informed petitioner of this. On October 6, 2008, the Department of Motor Vehicles notified the County that petitioner's driver's license was suspended. The County did not inform petitioner but allowed him to work the next day and operate a vehicle. Two days after receiving the notice, the County sent a written memorandum to petitioner stating that his employment was being terminated due to his failure to

maintain a valid driver's license, which was a term and condition of his employment.

Petitioner thereafter filed a grievance pursuant to Article 7 of the collective bargaining agreement (hereinafter CBA) between his union and the County. After the County denied his grievance, petitioner reapplied to his position in November 2008. Upon review of his application, it was discovered that petitioner failed to disclose on both that application and a prior one that he had been convicted of a crime in 2001. The County ultimately denied petitioner's request for reinstatement and determined that neither his discharge nor the decision not to reinstate him were grievable under the CBA. Petitioner's grievance was then submitted to binding arbitration in accordance with the CBA, and an arbitrator was jointly elected by the parties. Although the County argued that the matter was not subject to arbitration, it did not seek a stay of arbitration and agreed to have the issue of arbitrability determined by the arbitrator, as well as the issues of whether petitioner was properly terminated and, if so, the appropriate remedy.

Following hearings, the arbitrator determined that petitioner's grievance was arbitrable, that his termination was without cause and that petitioner must be reinstated to his position with back pay and benefits. The County notified petitioner's counsel that it would appeal the award and that petitioner should not show up to work pending the appeal; the County, however, did not appeal the award or move to vacate or modify it. Nor did the County restore petitioner to the payroll and disburse back pay and benefits, as it was directed to do by the arbitrator. Petitioner thereafter filed the instant petition seeking to confirm the arbitrator's award. In response; respondents filed an answer and moved to vacate the arbitrator's award.* Supreme Court confirmed the arbitration award, prompting this appeal by respondents.

We reject respondents' contention that the award should be vacated since the arbitrator lacked the authority to decide the controversy. A party who actively participates in arbitration without seeking a stay pursuant to CPLR 7503 (b) waives the right to a judicial determination of the arbitrability of the dispute (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583 [1977]; *Matter of National*

---

* Although respondents failed to properly file and serve a notice of cross motion pursuant to CPLR 2215, Supreme Court nonetheless addressed the merits of the dispute.

*Cash Register Co. [Wilson]*, 8 NY2d 377, 382 [1960]; *Matter of Elmira Hgts. Cent. School Dist. [Elmira Hgts. Educ. Support Staff Assn.]*, 250 AD2d 983, 984 [1998], *lv denied* 92 NY2d 807 [1998]). Here, while the County initially took the position that the entire matter was not arbitrable, it thereafter joined in the selection of the arbitrator, fully participated in the arbitration proceeding and, most significantly, itself submitted to arbitration the issue of whether the grievance was arbitrable rather than "availing itself of all its reasonable judicial remedies" (*Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255, 262 [1997]). Thus, the County waived its right to contest the arbitrator's power to decide the controversy (*see Pharma Consult, Inc. v Nutrition Tech. LLC*, 25 AD3d 421, 422 [2006], *lv denied* 6 NY3d 713 [2006]; *Matter of Thompson [S.L.T. Ready-Mix, Div. of Torrington Indus.]*, 216 AD2d 656, 657 [1995]; *Matter of State of New York [State Univ. of N.Y., Binghamton] [Civil Serv. Empls. Assn., Inc.]*, 148 AD2d 790, 790 [1989]; *Mid-Atlantic Constr. Corp. v Guido*, 30 AD2d 232, 237 [1968]; *cf. Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 302 [1984]).

Respondents next contend that the arbitrator exceeded a specific limitation on her power because petitioner's termination was not for disciplinary reasons, but rather a failure to maintain a minimum qualification of employment, a matter not within the scope of the disciplinary clause of the CBA. While respondents couch their argument in terms of the arbitrator exceeding her authority (*see* CPLR 7511 [b] [1] [iii]), "in reality [respondents are] arguing that the arbitrator did not have the power to decide the question at issue and, therefore, there was nothing to arbitrate" (*Matter of Elmira Hgts. Cent. School Dist. [Elmira Hgts. Educ. Support Staff Assn.]*, 250 AD2d at 984; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 83; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d at 583). By submitting to arbitration, respondents ran the risk that the arbitrator would find the dispute covered under the CBA, as she did, and while a contrary determination certainly would have been reasonable on the present record, it is not for us to substitute our judgment for that of the arbitrator in this regard (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 83).

Nor can we agree with respondents' assertion that the arbitrator's award violates public policy. An arbitration award may be vacated on this extremely narrow ground only where a court can conclude, " 'without engaging in any extended

factfinding or legal analysis' that a law 'prohibit[s], in an absolute sense, [the] particular matters [to be] decided[,]' " or that "the award itself 'violate[s] a well-defined constitutional, statutory or common law of this State' " (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 80, quoting *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 8, 9, 11 [2002]). It is not within our province to second-guess the arbitrator's determinations and " '[j]udicial restraint under the public policy exception is particularly appropriate' where, as here, the case involves arbitration pursuant to a collective bargaining agreement" (*Matter of State of N.Y., Off. of Children & Family Servs. [Civil Serv. Empls. Assn., Inc.]*, 79 AD3d 1438, 1439-1440 [2010], quoting *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d at 7).

Here, respondents claim that the award violates public policy in that it usurped the authority of the County Personnel Officer to determine the minimum qualifications of employment and to summarily terminate an employee for failing to meet such qualifications. In so arguing, respondents cite to Civil Service Law § 20, which authorizes a municipal civil service commission to adopt rules that will have the force and effect of law (*see Matter of Albano v Kirby*, 36 NY2d 526, 529 [1975]). Pursuant to this authority, the County enacted rule XXIII (2), which provides that the County Personnel Officer "shall prepare and maintain job classification specifications for each class of positions . . . and establish appropriate minimum qualifications for each class" (Cortland County Rules for Admin of Civil Serv Law rule XXIII [2]). In implementing this rule, however, the County did not reserve the exclusive right to determine the appropriate penalty for an employee who fails to maintain the minimum qualifications of employment (*see Matter of State of N.Y., Off. of Children & Family Servs. [Civil Serv. Empls. Assn., Inc.]*, 79 AD3d at 1440). Nor have respondents cited any statutory basis for summarily discharging an employee for failure to satisfy minimum job qualifications (*compare Matter of Felix v New York City Dept. of Citywide Admin. Servs.*, 3 NY3d 498, 505-506 [2004]; *Mandelkern v City of Buffalo*, 64 AD2d 279, 281-282 [1978]). Rather, as the arbitrator found, the parties agreed to submit such disciplinary matters to arbitration. Simply stated, we fail to find any strong public policy precluding parties to a collective bargaining agreement from agreeing that the disciplining of employees for failure to maintain minimum job qualifications is to be submitted to and decided by an arbitrator.

Likewise, with respect to their claim that the award usurped

the County Personnel Officer's power to set minimum job qualifications, respondents again fail to point to any public policy that "prohibit[s], in an absolute sense," an employer from delegating to an arbitrator the authority to determine if an employee continues to meet the minimum qualifications of his or her position (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d at 7 [internal quotation marks and emphasis omitted]; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 80, 82). Indeed, it has been recognized that a civil service personnel officer's authority is delegable (*see Matter of Pishotti v New York State Thruway Auth.*, 38 AD3d 1122, 1122 [2007]). Moreover, even if there were such a policy, it was not triggered here as the award did not alter the qualifications of employment established by the County Personnel Officer. Rather, the arbitrator found that the County did not have just cause to terminate petitioner because it failed to inform him of the possible suspension of his driver's license, notwithstanding its past practice of so informing its employees.

Similarly without merit is respondents' contention that the arbitrator's award violates a "strong public policy" embodied in Civil Service Law § 50 prohibiting fraud against a public employer. Contrary to respondents' assertion that the award ignores petitioner's commission of fraud on job applications, the record reveals that the arbitrator acknowledged the misconduct committed by petitioner in failing to disclose his prior conviction, but found that such misconduct was similar to off-duty conduct and did not affect his ability to perform his job as a Building Maintenance Worker. Furthermore, given that Civil Service Law § 50 does not mandate the termination of an employee found to have committed fraud on his or her application, "it cannot be said that the 'final result creates an *explicit* conflict' with public policy" (*Matter of State of N.Y., Off. of Children & Family Servs. [Civil Serv. Empls. Assn., Inc.]*, 79 AD3d at 1441, quoting *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 327 [1999]). Accordingly, we find that respondents have failed to sustain the heavy burden necessary to vacate the arbitration award on public policy grounds.

Finally, we are unconvinced that the arbitrator's decision is irrational. As previously noted, the arbitrator properly considered the County's past practice of notifying employees when their driver's licenses were in danger of suspension and that, in this case, it failed to do so (*see Matter of Windsor Cent. School*

*Dist. [Windsor Teachers Assn.]*, 306 AD2d 669, 670 [2003], *lv denied* 100 NY2d 510 [2003]). Thus, the arbitrator reasonably found that petitioner's termination here was without just cause. Moreover, the arbitrator could rationally conclude that Civil Service Law § 50 is not applicable to the facts at hand as petitioner's fraud was unrelated to the position he had held since 1993 and the County relied on the CBA, rather than any statutory ground, for its termination of petitioner (*see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [State of New York]*, 15 AD3d 748, 750 [2005]). It is not the function of this Court to "substitute [our] interpretation for that of the arbitrator" (*id.*). Considering that arbitrators "may do justice as they see it, applying their own sense of law and equity to the facts as they find them to be," respondents have not established that the arbitration award should be vacated (*Matter of Board of Educ. of Oneonta City School Dist. [Moore]*, 229 AD2d 888, 889 [1996]; *accord Matter of Thompson [S.L.T. Ready-Mix, Div. of Torrington Indus.]*, 245 AD2d 911, 913 [1997]).

Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.