In the Matter of the Arbitration between NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents, and NEW YORK STATE CORRECTIONAL OFFICERS AND POLICE BENEVOLENT ASSOCIATION, INC., et al., Appellants. [953 NYS2d 351]—

Egan Jr., J. Appeal from an order and judgment of the Supreme Court (O'Connor, J.), entered June 27, 2011 in Albany County, which, among other things, granted petitioners' application pursuant to CPLR 7511 to vacate an arbitration award.

In December 2007, petitioner Department of Correctional Services (hereinafter DOCS)[1] served respondent Charles Hannigan, a correction sergeant then working at Attica Correctional Facility in Wyoming County, with a notice of discipline alleging that Hannigan failed to report the use of force upon an inmate, failed to have the inmate evaluated by the facility's medical staff and thereafter made false and/or misleading statements to his superiors regarding the incident. The remedy sought in the notice of discipline was dismissal from service and loss of any accrued annual leave. Consistent with the terms of the underlying collective bargaining agreement (hereinafter CBA), DOCS suspended Hannigan without pay, prompting respondent New

---

**1.** The Department of Correctional Services is now known as the Department of Corrections and Community Supervision.

York State Correctional Officers and Police Benevolent Association, Inc. (hereinafter NYSCOPBA) to demand arbitration on Hannigan's behalf. Following multiple hearings, the arbitrator issued an interim award in September 2008 finding Hannigan guilty of the charges, imposing a 45-day suspension and directing that Hannigan "otherwise be made whole."[2] The final award issued in December 2008 mirrored the arbitrator's prior decision but further provided that he was "maintain[ing] jurisdiction . . . in the event that any dispute [arose] between the parties over the implementation of [the] [a]ward."

Following his return to work, Hannigan filed a grievance alleging that DOCS had failed to restore all of the back pay, time accruals and other benefits due and owing pursuant to the arbitrator's decision. Hannigan's grievance was denied at each step of the ensuing review process, and petitioner Governor's Office of Employee Relations denied NYSCOPBA's subsequent demand for arbitration finding, among other things, that the claimed violation of the arbitration award was not arbitrable.

Although not entirely clear from the record, NYSCOPBA apparently asked the arbitrator to reopen the arbitration to ascertain whether Hannigan indeed had been made whole pursuant to the terms of the prior award. A hearing date was scheduled, but petitioners raised an objection thereto, contending that the arbitrator was powerless to, among other things, reopen, modify or explain the prior award. The arbitrator nonetheless conducted a hearing in February 2010, in which only NYSCOPBA participated, and, in August 2010, awarded Hannigan approximately $4,000 in vacation and holiday accruals.

Petitioners thereafter commenced this proceeding pursuant to CPLR 7511 seeking to vacate the August 2010 award upon the ground that the arbitrator exceeded his power in reopening the proceeding. Respondents countered that petitioners waived their right to seek vacatur of the award and cross-moved to confirm. Supreme Court granted petitioners' application, vacated the August 2010 award and denied respondents' cross motion. This appeal by respondents ensued.

We affirm. Preliminarily, we reject respondents' assertion that petitioners waived their opportunity to vacate the August 2010 arbitration award by, among other things, failing to challenge the arbitrator's assertion of continuing jurisdiction and/or participating in the February 2010 arbitration hearing. As Supreme Court aptly observed, petitioners were not immediately

---

2. Petitioners did not contest the substance of the penalty imposed. Hannigan returned to work the following day and thereafter transferred to another correctional facility.

aggrieved by the arbitrator's purported retention of jurisdiction, the exercise of which admittedly was conditioned upon a future and—at the time the December 2008 award was issued—entirely theoretical dispute between the parties as to the subsequent implementation of the award. As such, petitioners cannot be faulted for failing to challenge the 2008 award based upon the "mere possibility" (*Matter of Sullivan, County of [Civil Serv. Empls. Assn.]*, 271 AD2d 920, 921 [2000]) that there might be an issue regarding its implementation—and a corresponding attempt to exercise jurisdiction—at some future date (*see* CPLR 7511 [b] [1] [iii]).

Further, it indeed is true that "a party that participates in the arbitration may not later seek to vacate the award by claiming it never agreed to arbitrate the dispute in the first place" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *see Matter of Jandrew [County of Cortland]*, 84 AD3d 1616, 1617-1618 [2011]; *Matter of Elmira Hgts. Cent. School Dist. [Elmira Hgts. Educ. Support Staff Assn.]*, 250 AD2d 983, 984 [1998], *lv denied* 92 NY2d 807 [1998]). Here, however, petitioners expressly objected to the proposed February 2010 hearing in writing, and it is undisputed that they did not attend such hearing. Accordingly, we are satisfied that petitioners did not "actively participate[ ]" (*Matter of Jandrew [County of Cortland]*, 84 AD3d at 1617) in the reopened arbitration (*compare Matter of Jandrew [County of Cortland]*, 84 AD3d at 1618; *Matter of Thompson [S.L.T. Ready-Mix, Div. of Torrington Indus.]*, 216 AD2d 656, 657 [1995]).

Turning to the merits, it is well settled "that an arbitrator has broad discretion to determine a dispute and fix a remedy, and that any contractual limitation on that discretion must be contained, either explicitly or incorporated by reference, in the arbitration clause itself" (*Matter of State of New York [Dept. of Correctional Servs.] [Council 82, AFSCME]*, 176 AD2d 1009, 1010 [1991], *lv denied* 79 NY2d 756 [1992] [internal quotation marks and citation omitted]; *accord Matter of Communication Workers of Am., Local 1170 v Town of Greece*, 85 AD3d 1668, 1669 [2011], *lv denied* 18 NY3d 802 [2011]; *see Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. [State of New York]*, 13 AD3d 961, 962 [2004]; *Matter of New York State Governor's Off. of Empl. Relations [New York State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO]*, 242 AD2d 756, 756-757 [1997]). Here, section 8.2 (h) of the CBA expressly provides that "[d]isciplinary arbitrators shall confine themselves to determinations of guilt or innocence

and the appropriateness of proposed penalties . . . [and] shall neither add to, subtract from nor modify the provisions of [the CBA]." Section 8.2 (h) further provides that "[t]he disciplinary arbitrator's decision with respect to guilt[,] innocence [or] penalty . . . shall be final and binding upon the parties."

This Court previously has held—upon reviewing virtually identical language—that the foregoing provision evidences a clear agreement by the parties to the CBA to "limit the discretion of disciplinary arbitrators" (*Matter of State of New York [Dept. of Correctional Servs.] [Council 82, AFSCME]*, 176 AD2d at 1010-1011; *cf. Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. [State of New York]*, 13 AD3d at 962). Thus, while there indeed may be circumstances under which an arbitrator's retention of jurisdiction will be deemed permissible (*see Matter of Meisels v Uhr*, 79 NY2d 526, 536 [1992]; *Matter of Board of Educ. of Dover Union Free School Dist. v Dover-Wingdale Teachers' Assn.*, 95 AD2d 497, 503 [1983], *affd* 61 NY2d 913 [1984]), such circumstances cannot—in light of the restrictive language of the underlying CBA—be said to exist here. Accordingly, as the arbitrator's retention of jurisdiction in this matter "clearly exceed[ed] a specifically enumerated limitation [upon his] power" (*Matter of Albany Police Supervisor's Assn. [City of Albany]*, 95 AD3d 1491, 1493 [2012] [internal quotation marks and citation omitted]; *accord Matter of County of Ulster [Ulster County Sheriff's Empls. Assn./Communications Workers of Am., AFL/CIO, Local 1105]*, 75 AD3d 885, 886 [2010]), Supreme Court properly granted petitioners' motion to vacate upon that ground. Moreover, absent evidence of a contrary agreement between the parties, the arbitrator's authority over the issues submitted to him ended once he rendered his decision (*see Ottley v Schwartzberg*, 819 F2d 373, 376 [2d Cir 1987]; *Matter of Hanover Ins. Co. v American Intl. Underwriters Ins. Co.*, 266 AD2d 545, 545 [1999]; *Matter of Curtis Lbr. Co. Inc. v American Energy Care Inc.*, 27 Misc 3d 1217[A], 2010 NY Slip Op 50781[U], \*4 [Sup Ct, Albany County 2010], *mod sub nom. Matter of Curtis Lbr. Co., Inc. [American Energy Care, Inc.]*, 81 AD3d 1225 [2011]). Respondents' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order and judgment is affirmed, without costs.