■ In the Matter of the Arbitration between ULSTER COUNTY SHERIFF'S EMPLOYEES ASSOCIATION, CWA LOCAL 1105, Respon-

---

dent, and ULSTER COUNTY SHERIFF'S DEPARTMENT et al., Appellants. [956 NYS2d 595]—

Kavanagh, J. Appeal from an order of the Supreme Court (Melkonian, J.), entered November 28, 2011 in Ulster County, which, among other things, granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

In August 2009, the personnel officer for respondent Ulster County changed the job description for the assistant warden position in respondent Ulster County Sheriff's Department so as to eliminate correction sergeants from the list of eligible personnel who could take the promotional exam for this position. As a result, only correction lieutenants with 12 months of permanent competitive class status were deemed eligible to take the exam. Petitioner filed a grievance on behalf of those correction sergeants who had previously been eligible to take this exam and claimed that the personnel officer's actions violated the parties' collective bargaining agreement (hereinafter CBA). After respondents denied the grievance, petitioner filed a demand for arbitration. The parties subsequently entered into a stipulation that the issues to be resolved by the arbitrator were: "Did the County violate the preamble and/or Article 5 of the CBA when it excluded the title of correction sergeant from being eligible to take the 2009 exam for Assistant Warden? If so, what shall be the remedy?" After the hearing, the arbitrator found that the County violated the CBA when it excluded correction sergeants from the eligible list and directed that the results of the 2009 exam be annulled and a new exam be given for which correction sergeants with 36 months of permanent competitive class status would be eligible. Petitioner commenced this CPLR article 75 proceeding to confirm the arbitration award. Respondents filed a cross petition and moved to vacate the award. Supreme Court denied respondents' cross petition and confirmed the arbitration award. This appeal followed.

"In circumstances when the parties agree to submit their dispute to an arbitrator, courts generally play a limited role. [A]n arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice. [A] court may vacate an arbitration award only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Albany Police Supervisor's Assn. [City of Albany]*, 95 AD3d 1491, 1492-1493 [2012] [internal quotation

marks and citations omitted]; *see* CPLR 7511 [b] [1]; *Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 16 NY3d 85, 90 [2010]; *Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]). Here, respondents argue that the arbitrator's award violates public policy and conflicts with the Civil Service Law because it unduly interferes with the authority of the County's personnel officer to establish minimum qualifications for positions in the Sheriff's Department. However, such an award may only be vacated on public policy grounds "where a court can conclude, without engaging in any extended factfinding or legal analysis that a law prohibits, in an absolute sense, the particular matters to be decided, or that the award itself violates a well-defined constitutional, statutory or common law of this State" (*Matter of Jandrew [County of Cortland]*, 84 AD3d 1616, 1618-1619 [2011] [internal quotation marks and citations omitted]; *see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 328 [1999]). Further, "judicial restraint under the public policy exception is particularly appropriate where, as here, the case involves arbitration pursuant to a collective bargaining agreement" (*Matter of Jandrew [County of Cortland]*, 84 AD3d at 1619 [internal quotation marks and citations omitted]).

While the County's personnel officer undoubtedly had the authority to establish minimum qualifications for job titles in county government (*see* Civil Service Law §§ 50, 52), it does not follow that such determinations are immune from oversight or review. In that regard, the arbitrator determined that the change in the eligibility list was made to increase the chances that two correction lieutenants who had been provisionally appointed as assistant wardens would ultimately receive permanent appointments to that position. The arbitrator concluded—correctly, in our view—that "[t]he decision to eliminate [c]orrection [s]ergeants from the pool of candidates solely to increase the odds of the provisional candidates runs afoul of the competitive process envisioned by the Civil Service Law" and violated the state constitutional provision requiring that civil service positions be filled "according to merit and fitness" (NY Const, art V, § 6).

Also, the arbitrator's decision vacating the existing list of eligible candidates and annulling the results of the exam does not violate Civil Service Law § 25. Further, while Civil Service Law § 75 precludes removal of a person "holding a position by permanent appointment in the competitive class" except for cause, an employee may be removed when there is an illegality

or irregularity in the examination process (*see* Civil Service Law § 50 [4]). Respondents' remaining claims, including their contention that the arbitrator, by his decision, substantially altered relevant provisions of the CBA, have been reviewed and found to be without merit.

Mercure, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.