■ In the Matter of COUNTY OF NASSAU, Appellant, v VICTOR PATALANO et al., Respondents. [8 NYS3d 417]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated August 14, 2012, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Palmieri, J.), entered May 22, 2013, which, upon an order of the same court entered March 14, 2013, inter alia, denying the petition and confirming the award, is in favor of Victor Patalano and against it in the principal sum of $27,049.20.

Ordered that the judgment is affirmed, with costs.

"Judicial review of an arbitrator's award is extremely limited" (Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC, 123 AD3d 731, 732 [2014]). "A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511 (b) (1) bears a 'heavy burden[,]' and must establish a ground for vacatur by clear and convincing evidence" (Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973 [2015], quoting Matter of Local 295-295C, IUOE v Phoenix Envtl. Servs. Corp., 21 AD3d 901, 901 [2005] [citations omitted]). An arbitration award may be vacated if the court finds that the rights of a party were prejudiced by (1) corrup-

tion, fraud, or misconduct in procuring the award; (2) partiality of an arbitrator; (3) an arbitrator who exceeded his or her power; or (4) the failure to follow the procedures of CPLR article 75 (*see* CPLR 7511 [b]). An arbitration award may be vacated pursuant to CPLR 7511 (b) (1) (iii) where "an arbitrator . . . exceeded his [or her] power," which includes those circumstances in which the award "violates strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Slocum v Madariaga*, 123 AD3d 1046, 1046 [2014]).

The petitioner's contention that the arbitration award dated August 14, 2012, was against public policy is without merit. "An arbitration award violates public policy only where a court can conclude, without engaging in any extended fact-finding or legal analysis, that a law prohibits the particular matters to be decided by arbitration, or where the award itself violates a well-defined constitutional, statutory, or common law of this state" (*Matter of Reddy v Schaffer*, 123 AD3d 935, 937 [2014]). Here, contrary to the petitioner's contention, the payment of public funds as damages for breach of a contractual obligation under a collective bargaining agreement is not prohibited by article VIII, § 1 of the New York Constitution (*see Gagliardo v Dinkins*, 89 NY2d 62, 74-75 [1996]; *Matter of Antonopoulou v Beame*, 32 NY2d 126, 133 [1973]; *Matter of City of Middletown v City of Middletown Police Benevolent Assn.*, 30 AD3d 597, 598 [2006]; *Matter of United Fedn. of Teachers v Board of Educ. of N.Y. City Community School Dist. No. 9*, 290 AD2d 338 [2002]; *Ingram v Boone*, 91 AD2d 1063 [1983]).

Furthermore, contrary to the petitioner's contention, the challenged arbitration award did not exceed a specifically enumerated limitation on the arbitrator's power (*see Matter of Professional Firefighters Assn. of Nassau County, Local 1588, Intl. Assn. of Firefighters, AFL-CIO v Village of Garden City*, 119 AD3d 803, 803 [2014]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly, inter alia, denied the petition to vacate the arbitration award dated August 14, 2012, confirmed the award, and thereupon entered judgment in favor of Victor Patalano and against the petitioner in the principal sum of $27,049.20. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.