■ ROBERT L. SCHULZ, Appellant, v SHELDON SILVER, Individually and as Speaker of the New York State Assembly, Respondent. [22 NYS3d 623]—

Egan Jr., J. Appeals (1) (transferred to this Court by order of the Court of Appeals) from an order of the Supreme Court (O'Connor, J.), entered May 13, 2014 in Albany County, which granted defendant's motion to dismiss the complaint, and (2) from an order of said court, entered October 21, 2014 in Albany County, which denied plaintiff's motion for reargument.

In December 2011 and January 2012, two female staff members of the State Assembly who previously served as legislative assistants to Vito Lopez, then a member of that body, filed complaints with the Office of Counsel for the Assembly Majority alleging that Lopez had engaged in sexual harassment. In lieu of referring these complaints to the Assembly Ethics Committee, the victims, Lopez and the Assembly proceeded to mediation and, in June 2012, entered into a confidential settlement agreement. This agreement provided, insofar as is relevant here, for the expenditure of $103,080 in state funds to settle those aspects of the victims' complaints relating to the Assembly's potential liability as an employer; Lopez contributed $32,000 for the damages allocated to him under the terms of the agreement. A subsequent investigation by the New York State Joint Commission on Public Ethics found that a substantial basis existed to conclude that Lopez violated the Public Officers Law by using the powers of his office to engage in knowing, willful and prolonged mistreatment of female members of his staff.

In June 2013, plaintiff commenced this action against defendant seeking a declaration that defendant's use of public funds violated NY Constitution, article VII, § 8 (1), which, among other things, prohibits the use of state funds in aid of a private undertaking. Defendant moved to dismiss the complaint contending that plaintiff lacked standing, that the complaint failed to state a cause of action and that defendant's discretionary acts in settling the underlying claim and authorizing the subject expenditure were protected under the doctrine of governmental immunity.

By order entered May 13, 2014, Supreme Court granted defendant's motion to dismiss the complaint. In so doing, Supreme Court concluded that, although plaintiff had citizen taxpayer standing to challenge what plaintiff alleged was the impermissible expenditure of state funds (citing State Finance Law § 123-b [1]), plaintiff lacked standing as to those nonfiscal

aspects of his claim—including the alleged improprieties relating to the handling of the victims' complaints, the inclusion of a nondisclosure clause in the settlement agreement and the processing and auditing of the payment itself. As for the actual expenditure of funds, Supreme Court found this to be a discretionary act that, consistent with the doctrine of governmental immunity, was shielded from liability; thus, dismissal of the complaint was warranted. Plaintiff's subsequent motion to vacate the court's order was deemed to be a motion to reargue and, by order entered October 21, 2014, Supreme Court denied the requested relief. These appeals by plaintiff ensued.

With respect to the threshold issue of standing, State Finance Law § 123-b (1) provides, in relevant part, that "any person, who is a citizen taxpayer, whether or not such person is or may be affected or specially aggrieved by the activity herein referred to, may maintain an action for equitable or declaratory relief, or both, against an officer or employee of the state who in the course of his or her duties has caused . . . a wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds." The Court of Appeals has cautioned, however, "that while the statute might be read to allow actions when little or no injury has been claimed, courts have been inhospitable to plaintiffs who seek essentially to challenge nonfiscal activities by invoking the convenient statutory hook of [State Finance Law §] 123-b. Accordingly, . . . a plaintiff's claims must have a sufficient nexus to fiscal activities of the [s]tate in order to confer standing" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813 [2003], *cert denied* 540 US 1017 [2003] [internal quotation marks and citations omitted]; *see Rudder v Pataki*, 93 NY2d 273, 280-281 [1999]; *Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 588-589 [1998]; *Kennedy v Novello*, 299 AD2d 605, 607 [2002], *lv denied* 99 NY2d 507 [2003]; *Matter of Energy Assn. of N.Y. State v Public Serv. Commn. of State of N.Y.*, 273 AD2d 708, 710-711 [2000], *lv denied* 95 NY2d 765 [2000]; *see also Godfrey v Spano*, 13 NY3d 358, 374-375 [2009]).

As noted previously, Supreme Court found—and defendant does not seriously dispute—that plaintiff has standing under State Finance Law § 123-b (1) to challenge the actual disbursement of the $103,080 at issue. Consistent with the cited case law, however, the statute does not confer standing upon plaintiff with respect to the balance of the claims set forth in the complaint—all of which take issue with the manner in which the allegations of sexual harassment were handled (and

whether the procedures followed by the relevant parties violated the Assembly Ethics Rules), the circumstances surrounding the negotiation and execution of the underlying settlement agreement and the practices employed in the processing and/or auditing of the payment itself. Inasmuch as plaintiff cannot utilize the disputed expenditure "as a pretense to challenge a [nonfiscal] governmental decision" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 813; *see Stony Brook Envtl. Conservancy, Inc. v State Univ. of N.Y.*, 101 AD3d 849, 850-851 [2012]), Supreme Court properly concluded that plaintiff lacked standing under State Finance Law § 123-b to assert the bulk of the claims set forth in his complaint.[1]

As to the sole remaining claim, i.e., plaintiff's challenge to the actual expenditure of funds, two points are worth noting. First, although NY Constitution, article VII, § 8 indeed "serve[s] to prevent improvident fiscal decision-making and preferential treatment" with regard to the disbursement of state funds (*Bordeleau v State of New York*, 18 NY3d 305, 317 [2011]), "the payment of public funds as damages . . . in settlement of a contested claim is not prohibited by this constitutional provision" (*Ingram v Boone*, 91 AD2d 1063, 1064 [1983]; *cf. Matter of County of Nassau v Patalano*, 128 AD3d 694, 695 [2015]). Hence, plaintiff's complaint fails to state a cause of action on this point. Further, the case law enunciated by the Court of Appeals makes clear that where the challenged action—here, the expenditure of state funds to settle sexual harassment claims and limit the Assembly's exposure to further liability—involves the exercise of discretion, "the [public] officer is not liable for the injurious consequences of that action even if resulting from negligence or malice" (*Tango v Tulevech*, 61 NY2d 34, 40 [1983]; *accord Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428, 452 [2011], *cert denied sub nom. Ruiz v Port Auth. of New York & New Jersey*, 568 US —, 133 S Ct 133 [2012]; *see McLean v City of New York*, 12 NY3d 194, 203 [2009]). In other words, if the underlying decision involves the exercise of discretion, the decision itself is not actionable—regardless of the motivation behind it. Accordingly,

---

1. To the extent that plaintiff seeks to rely upon common-law taxpayer standing, we need note only that plaintiff has failed to "demonstrate that he . . . is personally aggrieved by [the challenged] actions in a manner different in kind and degree from the community generally and that the failure to accord him . . . standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action" (*Fauvell v Miglino*, 111 AD3d 596, 597 [2013] [internal quotation marks, brackets and citations omitted]; *see New York State Assn. of Small City School Dists., Inc. v State of New York*, 42 AD3d 648, 651 [2007]).

under existing New York law, defendant's conduct in approving the settlement agreement and authorizing the disbursement of funds was immune from liability, and Supreme Court did not err in dismissing the complaint (*cf. Santora v Silver*, 61 AD3d 621, 621 [2009], *lv denied* 13 NY3d 704 [2009]).

This settlement was legal because the Assembly faced its own liability as an employer of the victims—liability that extended above and beyond the personal liability that Lopez faced for his prolonged mistreatment of these staff members. Nonetheless, our decision should in no way be construed as approving defendant's efforts to cloak the settlement in secrecy. When, as here, public funds are utilized to settle a tort claim, we perceive no authority to impose a confidentiality restriction in the settlement agreement. These are public funds, and the public is entitled to disclosure as to how the funds are expended. Given the allegations against Lopez, it would have been difficult to explain to the public the rationale of using tax dollars to partially fund this settlement, but that would have afforded defendant the opportunity to explain what had happened, what was being done to fix it and what steps were being taken to ensure that it never happened again. That public disclosure and explanation were unfortunately never given, and defendant's attempt to employ secrecy only served to engender the public's skepticism about this matter when it eventually came to light. Plaintiff's remaining arguments relative to the dismissal of his complaint, to the extent not specifically addressed, have been examined and found to be lacking in merit.[2]

McCarthy, J.P., Lynch and Devine, JJ., concur. Ordered that order entered May 13, 2014 is affirmed, without costs. Ordered that the appeal from the order entered October 21, 2014 is dismissed, without costs.

---

2. As a final matter, we agree with Supreme Court that plaintiff's motion to vacate the May 2014 order was in fact a motion to reargue. Inasmuch as "no appeal lies from the denial of a motion to reargue" (*Schillaci v Sarris*, 122 AD3d 1085, 1087 [2014]), plaintiff's appeal from Supreme Court's October 2014 order must be dismissed (*see Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc.*, 106 AD3d 1255, 1261-1262 [2013]; *Bell v New York State Higher Educ. Servs. Corp.*, 90 AD3d 1261, 1263 [2011], *appeal dismissed, lv denied* 19 NY3d 837 [2012]).