Matter of Professional, Clerical, Tech. Empls. Assn. (Board of Educ. for Buffalo City Sch. Dist.) (2019 NY Slip Op 05451)





Matter of Professional, Clerical, Tech. Empls. Assn. (Board of Educ. for Buffalo City Sch. Dist.)


2019 NY Slip Op 05451


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


326 CA 18-02028

[*1]PROFESSIONAL, CLERICAL, TECHNICAL EMPLOYEES ASSOCIATION, PETITIONER-RESPONDENT, AND BOARD OF EDUCATION FOR BUFFALO CITY SCHOOL DISTRICT, RESPONDENT-APPELLANT. 






BOND, SCHOENECK & KING, PLLC, ROCHESTER (BETHANY A. CENTRONE OF COUNSEL), FOR RESPONDENT-APPELLANT.
BARTLO, HETTLER, WEISS & TRIPI, KENMORE (PAUL D. WEISS OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 18, 2018 in a proceeding pursuant to CPLR article 75. The order granted the petition to confirm an arbitration award and denied the cross petition to vacate an arbitration award. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to CPLR article 75, respondent appeals from an order that granted the petition to confirm an arbitration award and denied respondent's cross petition to vacate that award. Andrea Teresi was employed as a security officer for respondent until respondent terminated her in July 2013 because she did not possess the valid registration card required by General Business Law § 89-g (1) (a) for employment as a security guard. Petitioner filed a grievance on Teresi's behalf and then filed a demand for arbitration. Respondent did not move to stay arbitration (cf. Matter of New York State Off. of Children & Family Servs. v Lanterman, 14 NY3d 275, 281-282 [2010]), and the matter proceeded to arbitration. The arbitrator issued an award that, inter alia, directed respondent to rescind the termination of Teresi and reimburse her for her loss of pay from July 31, 2014, the date her registration card as a security guard was renewed.
We reject respondent's contention that the award violates public policy requiring the registration of security guards. "[T]he public policy exception to an arbitrator's power to resolve disputes is extremely narrow" (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 80 [2003]). The Court of Appeals has set forth "a two-prong test for determining whether an arbitration award violates public policy. First, where a court can conclude without engaging in any extended factfinding or legal analysis that a law prohibits, in an absolute sense, the particular matters to be decided . . . by arbitration . .
. , an arbitrator cannot act. Second, an arbitrator cannot issue an award where the award itself violates a well-defined constitutional, statutory or common law of this State" (id. [internal quotation marks and brackets omitted]; see Matter of State of N.Y., Off. of Children & Family Servs. [Civil Serv. Empls. Assn., Inc.], 79 AD3d 1438, 1439 [3d Dept 2010], lv denied 17 NY3d 706 [2011]). A court "may not vacate an award on public policy grounds when vague or attenuated considerations of a general public policy are at stake. Courts shed their cloak of noninterference[, however,] . . . where the final result creates an explicit conflict with other laws and their attendant policy concerns" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 327 [1999]). "The focus of inquiry is on [*2]the result, the award itself" (id.).
We conclude that the first prong of the public policy exception has not been met here because nothing in General Business Law § 89-g prohibits the resolution of this matter by arbitration, particularly considering an arbitrator's " broad power to fashion appropriate relief' " (Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.], 90 NY2d 364, 373 [1997]). We further conclude that the second prong of the test has not been met either. Contrary to respondent's contention, the award did not compel respondent to employ Teresi as a security officer during the period that she did not have the required registration card. Rather, the arbitrator ordered that Teresi's termination be rescinded and that she be awarded back pay only from the time when she received her renewed registration card.
We reject respondent's further contention that the arbitrator exceeded his authority by finding that the collective bargaining agreement (CBA) allowed arbitration of this dispute. Although respondent couches its argument in terms of the arbitrator exceeding his authority, in reality respondent is contending that " the arbitrator did not have the power to decide the question at issue and, therefore, there was nothing to arbitrate' " (Matter of Jandrew [County of Cortland], 84 AD3d 1616, 1618 [3d Dept 2011]). By submitting to arbitration, however, respondent ran the risk that the arbitrator would find the dispute covered under the CBA, as he did, notwithstanding respondent's position that the termination of an employee for failing to maintain a required registration card was outside the agreement's scope (see United Fedn. of Teachers, Local 2, AFT, AFL-CIO, 1 NY3d at 83; Jandrew [County of Cortland], 84 AD3d at 1618).
We have considered respondent's remaining contentions and
conclude that they are without merit.
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court