■ JOSEPH J. SANTORA, Appellant, v SHELDON SILVER et al., Respondents. [878 NYS2d 33]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered July 17, 2008, which, in a taxpayer's action under State Finance Law § 123-b against a state official (Silver) and a private citizen previously employed by the State as Silver's legal counsel (Boxley) seeking restitution of state funds paid to settle a prior sexual harassment action brought against the State, Silver and Boxley, dismissed the complaint as against Silver for failure to state a cause of action and as against Boxley for lack of standing, unanimously modified, on the law, to dismiss the complaint as against Silver for lack of subject matter jurisdiction, the underlying decision vacated insofar as it pertains to Silver, and otherwise affirmed, without costs.

Plaintiff argues that the expenditure of state funds to settle the sexual harassment action was illegal because the conduct alleged in that action involved "intentional wrongdoing" within the meaning of Public Officers Law § 17 (3) (a). As plaintiff concedes, to the extent the settlement resolved a claim against Silver, the Attorney General's authorization was required, and plaintiff may obtain the relief he seeks only if such authorization is declared invalid. The courts, however, lack subject matter jurisdiction to make such a declaration. The Attorney General's exercise of discretion when discharging the quasi-judicial authority to oversee litigation involving state officers is immune from judicial review (*see Gerson v New York State Attorney-General*, 139 AD2d 617 [1988], *lv denied* 73 NY2d 701 [1988]), and we modify to dismiss for that reason only (*see id.*;

*Matter of Metropolitan Transp. Auth.*, 32 AD3d 943, 945 [2006]). As against Boxley, who was no longer a state employee at the time the settled action was commenced, was represented in the settled action by private counsel, and personally paid the portion of the settlement that all parties agreed he should pay, the complaint was properly dismissed for lack of standing. Plaintiff cannot claim that Boxley's payment resulted in an injury-in-fact under State Finance Law § 123-b, which by its terms applies only to state officers and employees with authority to authorize the expenditure of state funds (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991]). Concur—Gonzalez, P.J., Tom, Sweeny, Buckley and Acosta, JJ. [*See* 20 Misc 3d 836.]